## GERTRUDE SKAAR v. E. A. EPPELAND.

(159 N. W. 707.)

**Appeals — appellate court — judgments — correctness — presumptions — indulged in favor of.**

1. An appellate court will indulge all reasonable presumptions in favor of the correctness of the judgment or order from which the appeal is taken.

**New trial — motion for — time for hearing — noticed — judgment — prior to expiration of appeal time — final submission — determination of — after time for appeal has expired — finality of judgment suspended — jurisdiction — complete.**

2. Where a motion for a new trial is duly noticed to be heard at a date

prior to the expiration of time for appeal from the judgment, but continued by consent of the parties, and finally submitted and determined after the time for appeal from the judgment has expired, the final character of the judgment is suspended by the pending proceedings, and the court has jurisdiction to determine the motion for a new trial even though the time for appeal from the judgment has expired.

**New trial — granting — refusing — evidence — insufficiency of — ground — court — judicial discretion — decision — not disturbed — except for abuse.**

    3. The granting or denial of a new trial on the ground that the evidence is insufficient to sustain the verdict, or that excessive damages were awarded, is within the sound judicial discretion of the trial court, and its decision will not be disturbed except where an abuse thereof is clearly shown.

Opinion filed September 14, 1916.

Appeal from the District Court of Mountrail County, *Fisk,* J.

From an order granting a new trial, plaintiff appeals.

Affirmed.

*P. D. Jones, T. M. Keogan,* and *E. R. Sinkler,* for appellant.

The time for appeal having expired, the court had no jurisdiction to entertain the motion or grant the motion for a new trial. The action was no longer pending in the district court at the time of the motion for a new trial. New Practice Act, 1913, § 14; Code Civ. Proc. § 7346; Bright v. Juhl, 16 S. D. 440, 93 N. W. 648.

The court's jurisdiction over the action ceases as soon as the time for appeal has expired, and the action is no longer pending. Kimball v. Palmerlee, 29 Minn. 302, 13 N. W. 129; Deering v. Johnson, 33 Minn. 97, 22 N. W. 174; Yerkes v. McHenry, 6 Dak. 5, 50 N. W. 485; Richardson v. Rogers, 37 Minn. 461, 35 N. W. 270; Pugh v. Reat, 107 Ill. 440; Ferger v. Wesler, 35 Ind. 53; Knox v. Clifford, 41 Wis. 458; Whitney v. Karner, 44 Wis. 563; McKnight v. Livingston, 46 Wis. 356, 1 N. W. 14.

The time for appeal expires six months after notice of entry of judgment is given. After the expiration of such time, the action ceases to be pending. It was therefore not pending when the motion for a new trial was made. A court cannot assume jurisdiction over an action not pending. The legislature intended that there should

come a time when litigation in a given case would be at an end. Wilson v. Kryger, 26 N. D. 77, 51 L.R.A. (N.S.) 760, 143 N. W. 764.

*Henry J. Linde* and *Francis J. Murphy* (*John E. Greene,* of counsel), for respondent.

It is true that an appeal from a judgment must be taken within six months after notice of the entry of the judgment, but where a motion for a new trial is made within that time, and is argued and submitted, the mere fact that the court does not decide the motion until after the expiration of the six months' period does not deprive it of jurisdiction of the case, nor does it destroy the moving party's right of appeal. King v. Hanson, 13 N. D. 85, 99 N. W. 1085; Codes of 1899, §§ 5473, 5474; Comp. Laws 1913, § 7664.

"An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied." Comp. Laws 1913, § 7956; Cory v. Spencer, 67 Kan. 648, 63 L.R.A. 275, 73 Pac. 920.

Jurisdiction of the district court to deal with one of its judgments is not at an end when the time for appeal has expired. Const. 103; Comp. Laws 1913, § 7349.

"The power to render judgment included the power to issue all proper processes to enforce its payment. The jurisdiction of the court over the controversy and over the parties, acquired in the primary case by service of process, continued until its judgment should be satisfied. This is a well-settled rule in respect to the jurisdiction of courts of record." Phelps v. Mutual Reserve Fund Life Asso. 61 L.R.A. 717, 50 C. C. A. 339, 112 Fed. 453; Riggs v. Johnson County, 6 Wall. 166, 18 L. ed. 768; Covell v. Heyman, 111 U. S. 176, 28 L. ed. 390, 4 Sup. Ct. Rep. 355; Rio Grande R. Co. v. Gomila (Rio Grande R. Co. v. Vinet) 132 U. S. 478, 33 L. ed. 400, 10 Sup. Ct. Rep. 155.

Where the district court has jurisdiction of the subject-matter of the action, all other objections may be waived, and they are waived when not offered or taken at the time the exercise of jurisdiction is first claimed. 11 Cyc. 676.

When a new trial is granted, the order of the court will be affirmed if, upon the whole record, it appears that the same is justified, and

the consideration of the order in the supreme court is not limited to the particular grounds mentioned in and upon which the order was made. Bristol & S. Co. v. Skapple, 17 N. D. 271, 115 N. W. 841; Ross v. Robertson, 12 N. D. 27, 94 N. W. 765; Gooler v. Eidsness, 18 N. D. 338, 121 N. W. 83; Davis v. Jacobson, 13 N. D. 430, 101 N. W. 314.

CHRISTIANSON, J. This is an appeal from an order granting defendant's motion for a new trial. Plaintiff sued to recover damages for certain personal injuries alleged to have been sustained at the hands of defendant, and was awarded a verdict in the sum of $1,000.

No statement of case was settled, and there is nothing to show what proceedings were had at, or subsequent to, the trial, except as evidenced by the various papers contained in the record herein, to which we will refer later.

A transcript of the evidence adduced, and the proceedings had, upon the trial, certified to by the court stenographer, has been transmitted to this court, but such transcript has not been settled or certified by the trial judge as provided by § 7655, Comp. Laws 1913, and is not mentioned in the order granting a new trial or in the certificate signed by the trial judge identifying the different papers constituting the judgment roll in the action.

It appears from the record in this case, however, that judgment was entered, and notice of entry thereof served, on November 26, 1913; that notice of a motion for a new trial and several affidavits in support of such motion were served upon plaintiff's attorney on April 12, 1914; that said motion for a new trial was noticed to be heard at the city of Williston on April 23, 1914; that said motion subsequently came on for hearing, and the trial court entered an order granting a new trial, which order reads, in part, as follows: "The above-entitled action having come on for hearing upon a motion of the defendant for a new trial therein, and having been submitted to this court by the respective parties on or about the 3d day of June, 1914, upon written briefs and stipulations, and the matter not having been reached until this date by the court on account of having been engaged in the trial of jury cases since the submission of said motion, and the court, having duly considered the motion of the defendant, and the grounds thereof,

together with the briefs submitted by both parties, is of the opinion that a new trial should be granted."

(1) Appellant asserts that the order should be reversed for the reason that the motion for a new trial was heard and decided by the trial court more than six months after the service of notice of entry of judgment.

As already stated, it appears that notice of entry of judgment was served on November 26, 1913. The time for appeal from the judgment would therefore expire on May 26, 1914. The notice of motion for a new trial, served on April 12, 1914, fixing April 23, 1914, as the date for the hearing of such motion, was therefore served and the motion noticed to be heard within the six-month period. The record fails to show the reason for the delay in the hearing of the motion, but the recitals in the order show that the motion was "submitted to the court by the respective parties on or about the 3d day of June, 1914, upon written briefs and stipulations."

A party asserting error has the burden of proving it, and must present a record affirmatively showing such error. Erickson v. Wiper, 33 N. D. 193, 157 N. W. 602.

"It is a general rule of wide application that an appellate court will indulge all reasonable presumptions in favor of the correctness of the judgment, order, or decree from which the appeal was taken. In other words it will be presumed on appeal, in the absence of a contrary showing, that the trial court acted correctly and did not err. Indeed, error is never presumed on appeal, but must be affirmatively shown by the record; and the burden of so showing it is on the party alleging it, or, as sometimes stated, the burden of showing error affirmatively is upon appellant or plaintiff in error." 4 C. J. 731.

But "the presumptions which may be so indulged on appeal are limited to those which will sustain and support the order, judgment, or decree; presumptions which would result in a reversal will not be indulged, except on review of a ruling on a demurrer to the evidence or on a motion to dismiss, nonsuit, or direct a verdict on the ground of the insufficiency of the evidence, and even in that case the appellate court does not indulge in presumptions for the express purpose of reversing the judgment, order, or decree, but reviews the ruling on the theory that all inferences, presumptions, and intendments should

be indulged in favor of the sufficiency of the evidence to require its submission to the jury." 4 C. J. 733.

And "on a partial or incomplete record, the appellate court will presume any conceivable state of facts within the scope of the pleadings and not inconsistent· with the record which will sustain and support the ruling or decision complained of; but it will not, for the purpose of finding reversible error, presume· the existence of facts as to which the record is silent." 4 C. J. 736.

So it will be presumed that a statement of case was presented to the judge for settlement at the proper time; and, if it appears that the statement was not settled within the time provided, it will be presumed that the time was extended as provided by law, and that the statement was presented for settlement within such extended time. Johnson v. Northern P. R. Co. 1 N. D. 354, 48 N. W. 227; Gade v. Collins, 8 S. D. 323, 66 N. W. 466; McDonald v. Beatty, 9 N. D. 293, 83 N. W. 224; 4 C. J. 793.

So where a new trial is ordered it will be presumed (unless the contrary is shown) that the motion was properly and timely made; that there was good cause for any apparent delay in the presentation thereof; or that the time was extended by consent of the parties. Churchill v. Flournoy, 127 Cal. 355, 59 Pac. 791; 4 C. J. 783.

In the case at bar it affirmatively appears from the record that defendant regularly noticed a motion for a new trial to be heard on April 23, 1914. For some reason (which is not shown) the hearing on this motion was continued to, and apparently concluded on, June 3, 1914, at which time plaintiff's counsel appeared and submitted the motion on its merits, and without the slightest objection to the consideration thereof at that time. We must presume, therefore, not only that the plaintiff consented to a continuance of the hearing of such motion, but, if necessary to sustain the court's jurisdiction to make the order appealed from, we must even indulge the presumption that the hearing of the motion was continued until June 3, 1914, upon the plaintiff's request.

(2) Plaintiff's counsel contends, however, that the court was without jurisdiction to hear or decide the motion for a new trial even if the plaintiff consented thereto. This contention is based upon § 7966, Comp. Laws, which reads: "An action is deemed to be pending from

the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied." This section was construed by this court in three recent decisions,—Grove v. Morris, 31 N. D. 8, 151 N. W. 779; Higgins v. Rued, 30 N. D. 551, 153 N. W. 389, and Garbush v. Firey, 33 N. D. 154, 156 N. W. 537. In these cases we held that where the notice of motion for a new trial was served more than six months after the date of notice of the entry of judgment, i. e., after the time for appeal from the judgment had passed,—the district court was without authority to entertain such motion over the objections of the adverse party. In Grove v. Morris and Higgins v. Rued, specific objections were made to a consideration of the motion in the district court, upon the grounds that the time allowed by law in which to appeal from the judgment had expired; that the action was no longer pending, and that the court was without jurisdiction to entertain the motion. In Garbush v. Firey, the motion for a new trial was made and submitted nearly a year after notice of entry of judgment, and was made and submitted without notice to the opposing party, and he raised the objection at the earliest possible opportunity by motion to dismiss the appeal. In Higgins v. Rued and Garbush v. Firey, we affirmed the orders of the district court denying new trials.

It will be noticed that the controlling facts in all these cases were quite similar. In all of them the motion for a new trial was, in effect, noticed and presented after the time for appeal from the judgment had expired, and the party opposing the motion, at the earliest possible moment, made specific objection to a consideration thereof.

The facts in case at bar are radically different from the facts in the three cases just considered. In the case at bar the motion for a new trial was duly noticed to be heard before the time for appeal from the judgment had expired. The hearing was apparently postponed, —for what reason we do not know, but the record shows no objection thereto on the part of plaintiff, and we must assume that the postponement was with plaintiff's consent or at his request. Obviously, the facts in the case at bar distinguish it from the three decisions above referred to, and they are not controlling precedents in this case.

In fact, in Garbush v. Firey, we expressly disclaimed any intention of passing upon the question presented in this case. In a supplemental

opinion on a petition for rehearing in that case, we said: "Whether the court has authority to determine a motion for a new trial submitted within the six-month period, after the expiration thereof, or has authority to continue a motion noticed to be heard within such period, and hear and determine the same after the expiration of such period, or whether such authority can, in any event, be conferred by agreement or waiver after the expiration of the six-month period, are questions which do not arise in this case and upon which we express no opinion."

Plaintiff also cites and relies upon Sargent v. Kindred, 5 N. D. 472, 67 N. W. 826. That case involved an application to vacate a default judgment. The application was under the statute relative to such applications. See Comp. Laws 1913, § 7483. And this court held that under the language of the statute there construed, the district court was granted power to relieve a party from a judgment only within one year after notice thereof, and that, therefore, it was necessary that the order granting the relief be made within the year. No such limitations are found in the statute relative to new trials. The limitations there found are directed to the time within which the motion for a new trial must be made. See Comp. Laws 1913, § 7664. They are limitations upon the time within which a party may apply for a new trial. A party desiring to exercise the right to move for a new trial must do so within the time prescribed by law. The time limit fixed by the statute within which to move for a new trial is intended primarily for the benefit of the successful party. As said by this court in Sargent v. Kindred, supra: "The successful suitor is entitled to some protection. There should come a time when he may know that his judgment is secure against attacks." And as we said in Garbush v. Firey, supra: "There must be some end to litigation. Public policy demands that there be some point of time when a valid judgment, regularly entered, becomes final and unassailable. The legislature recognized this fact, and its intent, as declared by § 7966, Compiled Laws 1913, is that a judgment shall become final and conclusive when the time for appeal has expired, *and that no proceedings shall thereafter be instituted, over the objections of the adverse party, for a reversal of such judgment.*"

It does not follow, however, that the final character of the judgment may not be suspended by pending proceedings for a new trial, properly

instituted and noticed for hearing during the six-month period, but held in abeyance by action of the court or consent of the parties, and finally determined after the expiration of such period. Section 7966, Comp. Laws, must be construed in harmony with the statutory provisions relative to motions for a new trial.

It was the rule of the common law—and it has been adopted and adhered to with more or less consistency in those states where the functions of the court can be exercised only in term time—that after the expiration of the term the court loses control of its judgments rendered during that term; they become final, and the court no longer has the power to vacate, modify, or set them aside. Black, Judgm. 2d ed. § 306; Bronson v. Schulten, 104 U. S. 410, 26 L. ed. 797; Martinson v. Marzolf, 14 N. D. 301, 309, 103 N. W. 937. But "whatever abridges or suspends the final character of a judgment will save it from the operation of the rule under consideration. A motion to vacate a judgment, made at the same term at which the judgment was rendered, and continued to a subsequent term, may be allowed at such subsequent term. . . . Where a motion for a new trial is continued over the term, the proceedings are still in the breast of the judge, and he has jurisdiction to set aside the judgment for informality, and let the verdict stand." Black, Judgm. 2d ed. § 310. By analogous reasoning we reach the conclusion that where a motion for a new trial is duly noticed to be heard within the six-month period, and final hearing thereon postponed by consent of the parties, or the delay of the court in deciding the motion, the final character of the judgment is suspended by the proceedings so pending. This is in harmony with the result reached by this court in King v. Hanson, 13 N. D. 85, 99 N. W. 1085, as that decision is analyzed in the supplemental opinion on petition for rehearing in Garbush v. Firey, supra.

(3) Appellant next contends that, even though the court had power to consider the motion for a new trial, no sufficient legal reason existed justifying the granting of a new trial.

In the memorandum filed by the trial judge (under § 7945, Comp. Laws) with the order granting a new trial, it is stated that a new trial was ordered on the grounds: (1) That the evidence was insufficient to justify the verdict; and, (2) that the jury, under influence of passion and prejudice, awarded excessive damages.

The granting or the denial of a new trial on the ground that the evidence is insufficient to sustain the verdict, or that the damages awarded are excessive, is within the sound judicial discretion of the trial court, and its decision will not be disturbed except where an abuse thereof is clearly shown. 4 C. J. 833, 835. See also Blackorby v. Ginther, 34 N. D. 248, 158 N. W. 354.

As we have already stated, plaintiff's counsel contends (and the record seems to sustain the contention) that a statement of case has at no time been settled herein. If this is correct, we have no means of determining the sufficiency of the evidence. But while not properly a part of the record on this appeal, we have examined the certified transcript of the evidence, and, if this transcript be considered, we are by no means justified in saying that the trial court abused its discretion in ordering a new trial on the ground of insufficiency of the evidence to sustain the verdict.

Order affirmed.