## GUS GOHL v. LOUIS BECHTOLD, Carl Bechtold, Carl Oster, Peter Schlect, and Ed. Schlect.

(163 N. W. 725.)

**Action — termination of — expiration of time for appeal — trial court — no authority thereafter — judgment — final character of — suspended by proceedings taken — appeal — time of — expiration of — prior to.**

1. Under § 7966, Compiled Laws 1913, an action is terminated when the time for an appeal from the judgment has expired, and the trial court has no authority thereafter to entertain a motion for a new trial, over the objection of the adverse party, unless the final character of the judgment has been suspended by proceedings commenced prior to the time for appeal expired.

**New trial — motion for — time of making — notice of motion — served prior to expiration of time to appeal — motion heard after — final character of judgment — not suspended — trial court — authority to hear — has none.**

2. When a motion for a new trial is noticed to be heard after the expiration of the time in which an appeal may be taken, the final character of the judgment is not suspended so as to authorize the court to entertain the motion by the mere fact that the notice of motion was served prior to the time for appeal expired.

Opinion filed March 15, 1917.   Rehearing denied June 25, 1917.

From an order of the District Court of Ward County granting a new trial, *Leighton, J.*

Plaintiff appeals.

Reversed.

*E. R. Sinkler* and *M. O. Eide,* for appellant.

Where a notice of motion for a new trial is given and served within the statutory time for appeal, but is not presented to and heard and determined by the court until after the expiration of the time for appeal, the trial court has no jurisdiction, and the final character of the judgment is not suspended by such proceedings.   Grove v. Morris, 31 N. D. 8, 151 N. W. 779; Higgins v. Rued, 30 N. D. 551, 153 N. W. 389; Garbush v. Firey, 33 N. D. 154, 156 N. W. 537.

The jury in this case had the right to award both actual and exemplary or punitive damages, and the verdict given is not excessive. Comp. Laws 1913, § 9947.

*J. E. Burke, Francis Murphy,* and *E. T. Burke,* for respondents.

The service of the notice of motion for a new trial is sufficient to begin and maintain an appeal, and to keep the action alive in the lower court. Comp. Laws 1913, § 7966; Skaar v. Eppeland, 35 N. D. 116, 159 N. W. 707.

The courts of many of the other states have so held. Lurvey v. Wells, F. & Co. 4 Cal. 106; Copper Hill Min. Co. v. Spencer, 25 Cal. 18, 3 Mor. Min. Rep. 267; Walker v. Hale, 16 Ala. 26; Vallentine v. Holland, 40 Ark. 338; McGee v. Ancrum, 33 Fla. 499, 15 So. 231; Central R. & Bkg. Co. v. Farley, 89 Ga. 180, 15 S. E. 34; State ex rel. Druliner v. Clark, 16 Ind. 97; Spalding v. Meier, 40 Mo. 176; Century Dig. (New Trials) 315; Decen. Dig. (New Trials) 155.

The legislatures of the several states have not the power to arbitrarily take from courts the powers invested in them for the general conduct of the business of the courts. Bronson v. Schulten, 104 U. S. 410, 26 L. ed. 797.

CHRISTIANSON, J. This is an appeal from an order of the district court of ward county granting defendants' motion for a new trial. The action was tried to a jury, which returned a verdict in plaintiff's favor. On December 11, 1915, judgment was entered pursuant to the verdict, and notice of entry of the judgment was duly served upon the defendants' attorneys on that same day. From time to time orders were made extending the time within which to settle the statement of case and move for a new trial. The last order of extension which was made on April 18, 1916, extended the time in which to settle the statement and move for a new trial to the 18th day of May, 1916. No further or additional extension of time was either applied for or granted. On June 9, 1916, the defendants served a notice of motion for a new trial, noticed to be heard on July 1, 1916. When such motion came on to be heard, plaintiff appeared specially and filed written objections to the hearing thereof on the ground that more than six months had elapsed since the notice of entry of judgment had been served, and that as no appeal from the judgment had been taken the action was no longer pending. The trial court overruled the objections and entered an order granting a new trial, unless the plaintiff agreed to a certain reduction of the verdict. Plaintiff appeals from this order.

The first reason assigned for a reversal is that the motion for a new trial was noticed to be heard, and heard over plaintiff's objection, more than six months after notice of entry judgment had been served. Questions somewhat analogous to the one now under consideration have been considered by this court in several recent cases. See Grove v. Morris, 31 N. D. 8, 151 N. W. 779; Higgins v. Rued, 30 N. D. 551, 153 N. W. 389; Garbush v. Firey, 33 N. D. 154, 156 N. W. 537; Skaar v. Eppeland, 35 N. D. 116, 159 N. W. 707.

In the first three cases cited,—this court held that when a notice of motion for a new trial is served more than six months after the date of notice of entry of judgment,—*i. e.*, after the time for appeal from the judgment has passed,—the district court is without authority to entertain such motion over the objection of the adverse party. In the last case cited (Skaar v. Eppeland, supra), this court held that where a motion for a new trial is duly noticed to be heard at a date prior to the expiration of time for appeal from the judgment, but continued by consent of the parties, and finally submitted and determined after the time for appeal from the judgment has expired, the final character of the judgment is suspended by the pending proceedings, and the court has jurisdiction to determine the motion for a new trial even though the time for appeal from the judgment has expired.

Defendants' counsel contends that the service of notice of motion within the six-month period suspended the final character of the judgment, and brings the case within the rule laid down in Skaar v. Eppeland, supra. We are wholly satisfied with the rule announced in Skaar v. Eppeland, but it has no application in this case, as an examination of that decision will show. The following language used in Skaar v. Eppeland is peculiarly significant: "Where a motion for a new trial is duly noticed to be heard within the six-month period, and final hearing thereon postponed by consent of the parties, or the delay of the court in deciding the motion, the final character of the judgment is suspended by the proceedings so pending."

In the case at bar the motion for a new trial was not noticed to be heard within the six-month period. The mere service of notice of motion within that time does not suspend the final character of the judgment.

Defendants' counsel also contend that under the provisions of § 7666,

Compiled Laws of 1913 (which is a literal re-enactment of § 7068, Rev. Codes 1905), the trial court is vested with power to extend the time in which to move for a new trial for such length of time as in its discretion may be deemed necessary, or to fix another time in which to move for a new trial even after the six-month period has expired. If defendants' counsel are correct in the interpretation to be given to this section of our statute, a judgment would never become final, and a trial judge might permit a motion for a new trial to be made at any time. So far as we know, such unlimited power has never been granted to any court. Under the common law a court retained control over its judgments during the term at which they were rendered only. See Skaar v. Eppeland, supra. We do not believe that the legislature intended to grant such unlimited power to the trial courts. As we said in Garbush v. Firey, 33 N. D. 154, 156 N. W. 537: "There must be some end to litigation. Public policy demands that there be some point of time when a valid judgment, regularly entered, becomes final and unassailable. The legislature recognized this fact, and its intent as declared by § 7966, Compiled Laws, is that a judgment shall become final and conclusive when the time for appeal has expired, *and that no proceedings shall thereafter be instituted, over the objections of the adverse party, for a reversal of such judgment.*"

The statutory provisions relative to motions for a new trial must be given a reasonable interpretation, and construed in harmony with § 7966, Compiled Laws of 1913, which provides: "An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is soon satisfied."

In our opinion the trial court had no authority to entertain the motion for a new trial in this case.

The order appealed from is reversed.

ROBINSON, J., concurs in the foregoing opinion, and concurs, further, upon the ground that the verdict and judgment is well supported by the evidence.

On Petition for Rehearing. Filed June 25, 1917.

CHRISTIANSON, J. In respondents' petitions for rehearing it is as-

serted that we overlooked or disregarded §§ 7663 to 7666 Comp. Laws 1913, in our former decision. An examination of the foregoing opinion will show that this assertion is unwarranted. Respondents' counsel also contend that the sections cited give to the trial court power to entertain motions for a new trial in its discretion, whether such motions are made within or after the expiration of the time in which an appeal from the judgment may be taken. If this contention is correct, a trial judge might entertain and grant a motion for a new trial years after the judgment had been rendered and the time to appeal therefrom had elapsed. Is there anything in these statutory provisions to justify the belief that the legislature intended to grant such power or make such results possible? We think not. One of the purposes of the 1913 Practice Act was to prevent delay in litigation. The time in which an appeal from the judgment might be taken was reduced from one year to six months, and the whole tenor and effect of the act was to make it possible, as well as to require, that proceedings for the reversal of a judgment be instituted within a shorter period of time than that which had formerly prevailed.

It is also contended that the service of notice of motion for a new trial within the time in which an appeal from the judgment might be taken operated to suspend the final character of the judgment. In support of this contention respondents' counsel has cited the following authorities: Re McCall, 76 C. C. A. 430, 145 Fed. 899, and Mills v. Fisher, 16 L.R.A.(N.S.) 656, 87 C. C. A. 77, 159 Fed. 897; Conradt v. Lepper, 13 Wyo. 99, 78 Pac. 1, 3 Ann. Cas. 627, and Thomp. New Trials, § 2730.

An examination of these authorities discloses that they in no manner relate to the proposition involved in this case. They merely hold that where a motion for a new trial, or a motion for a rehearing, is filed, that the final character of the judgment and *ipso facto* the time in which an appeal from the judgment may be taken, is extended. That is, the decisions cited hold that where a motion for a new trial or a motion for a rehearing is filed, the time in which an appeal or proceeding in error must be taken or commenced is to be computed from the date of the denial of the motion, and not from the date of the rendition or entry of the judgment or decree.

Ordinarily, "unless the case comes within some special statutory

37 N. D.—10.

provision, neither an appeal, writ of error, nor exceptions will now lie from an order granting or denying a motion for a new trial,  .  .  . but the ruling of the court on the motion is reviewable, if at all, only on appeal, writ of error, or exceptions after final judgment or decree." 3 C. J. p. 505, § 337.

An examination of the authorities cited, as well as the cases collated in the note to Conradt v. Lepper, 3 Ann. Cas. 630, will disclose that the authorities sustaining the rule contended for by the respondents arose in jurisdictions where no appeal would lie from an order granting or denying a new trial; but the ruling on such motion was reviewable, if at all, on appeal from, or proceedings in error, upon the final judgment. But these authorities can have no force or application in this state, because our statute expressly provides that "an appeal from a judgment may be taken within six months after the entry thereof by default or after written notice of the entry thereof, in case the party against whom it is entered has appeared in the action; and from an order within sixty days after written notice of the same shall have been given to the party appealing." Comp. Laws 1913, § 7820. Manifestly this statutory provision leaves no room for application of the rule announced in the authorities cited by respondents, even if it was invoked in a proper case.

Under our statute a motion for a new trial may be reviewed directly on an appeal from the order refusing or granting a new trial. And while a party who moves for a new trial must embody in his motion all grounds which constitute statutory reasons for a new trial, or be deemed to have waived such grounds, still the remedy afforded by an appeal from the judgment and an appeal from an order denying a new trial are independent remedies.

The statutes furnish ample opportunity for persons aggrieved with a decision to obtain a review thereof. And, in our opinion, a party aggrieved must move for a new trial before the time in which an appeal may be taken from the judgment has expired. After that time no proceedings can be instituted for a reversal of the judgment over the objections of the adverse party. If a motion is made within that time and continued by the consent of the parties or by action of the court until a later date, then the final character of the judgment is suspended. The motion is not made until it is submitted to or brought

within the breast of the trial court and some affirmative action taken thereon either by the court or the adverse party. The unsuccessful party cannot, by his own act and by the mere service of a notice of hearing of a proposed motion for a new trial at such future time as he may see fit to designate, suspend and keep in abeyance the final and conclusive character of the judgment.

After a careful reconsideration of the questions involved, we are agreed that the former opinion should stand.

Rehearing denied.