IRWIN, Respondent, v. SEEMAN, Appellant.

(176 N. W. 652.)

(File No. 4582. Opinion filed February 19, 1920.)

1. **Appeals—Judgment, Appeal From, Dismissal After Year, Notice of Intention After Appeal Period, Effect—Jurisdiction of Trial Court.**

   Where appeal from a judgment was taken more than a year after entered and therefore too late, under Sec. 3147 Code 1919, and notice of intention to move for new trial was served after expiration of appeal period, the appeal will be dismissed; since, no notice of intention had been given when appeal period had expired, the judgment became final, and trial court lost jurisdiction to determine matters on motion for new trial.

2. **Same—Motion for New Trial Within Appeal Period, Effect Re Jurisdiction, Appeal, Rule Re.**

   Where motion for new trial is noticed to be heard within time fixed for appealing from judgment, and time for hearing thereon is postponed by parties' consent or because court could not hear it earlier, to a date beyond time for such appeal, trial court does not lose jurisdiction, and appeal will lie from order entered on the motion; while service of notice of motion within appeal period will not prolong jurisdiction of trial court; the rule being that when time for appeal from judgment has expired, trial court has no authority to entertain motion for new trial, unless final character of judgment has been postponed by proceedings commenced prior to appeal period.

3. **Appeals—Appeal From Judgment, Time For—Interim Stay Orders, Effect Re Right to Appeal.**

   Where, during period within which appeal from judgment lay, trial court made several orders staying further proceedings, such orders merely prevented issuance of execution, and did not in effect extend time for moving for new trial; no court could thereby extend time for appeal from judgment beyond statutory period.

4. **Appeals—Appeal Too Late—First Application of Rule, Merits of Case Considered.**

   Where Supreme Court applies for first time the rule herein announced concerning tenability of appeal from judgment, it will examine record and consider merits of case; and if decision had been based solely on merits, judgment would have been affirmed.

Appeal from Circuit Court, Potter County.   Hon. JOSEPH H. BOTTUM, Judge.

Action by Elmer Irwin against Henry J. Seeman.   From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.   Motion to dismiss appeal.   Appeal dismissed.

*Roy T. Bull,* and *Morris & Moriarty* (D. J. O'Keefe of counsel), for Appellant.

*Sterling & Clark,* and *W. J. Jacobs,* for Respondent.

(1)   To point one, Respondent cited:   Secs. 2559, 2557, Rev. Code 1919.

POLLEY, J.   This is an appeal from a judgment and an order overruling a motion for a new trial.   Respondent moves to dismiss the appeal on the ground that it was not taken within the statutory time for appealing.

[1]   The judgment was entered and the judgment roll filed on the 3d day of January, 1918 . The appeal was not taken until the 4th day of June, 1919.   This was more than a year after the entry of the judgment, and therefore too late, under the statute allowing appeals from judgments.   Section 3147, Rev. Code 1919; Keyes v. Baskerville, 175 N. W. 874; Dean v. Seeman, 176 N. W. 649.

The notice of intention to move for new trial was not served until the 28th day of January, 1919.   This was after the expiration of the time for appealing from the judgment. When the time for appealing from the judgment was allowed to expire, and, no notice of intention to move for new trial had been given, the judgment became final.   The trial court lost jurisdiction to determine the matters presented on the motion or to grant a new trial.   Keyes v. Baskerville, supra.

[2]   This matter has recently been under consideration by the Supreme Court of North Dakota.   In Shaker v. Eppeland, 35 N. D. 116, 159 N. W. 707, that court held that, where a motion for a new trial is noticed to be heard within the time fixed for appealing from the judgment, and the time for hearing said motion is postponed, by consent of parties or because the court could not hear it earlier, to a date beyond the time for appealing from the judgment, the court did not lose jurisdiction; and that an appeal would lie from the order denying or granting the motion.   In Gohl v. Bechtold, 37 N. D. 141, 163 N. W. 725,

the motion for a new trial was not noticed to be heard until
after the time of appealing had expired. The court held that
the service of the notice within the time for appealing did not
prolong the jurisdiction of the court, and dismissed the appeal.
In Bevey-Shute Lumb. Co. v. Donahue et al. (N. D.), 175
N. W. 205, that court announced the rule as follows:

"* * * When the time for appeal from judgment has
expired, the trial court has no authority thereafter to entertain
a motion for a new trial under the objection of the adverse
party, unless the final character of the judgment has been
suspended by procedings commenced prior to the time for appeal
has expired. In applying this rule this court held in Skaar v.
Eppenland, supra, that where a motion for a new trial is duly
noticed to be heard at a date prior to the expiration of the
time for appeal from a judgment, but continued by consent of
the parties, and finally submitted and determined after the time
for appeal from judgment has expired, the final character of
the judgment is suspended by such proceedings, and the court
has jurisdiction to determine a motion for a new trial, even
though the time for appeal from judgment has expired. But
in Gohl v. Bechtold, supra, this court held that the final char-
acter of the judgment is not suspended, so as to authorize the
court to entertain the motion, by the mere fact that notice of
motion was served prior to the time in which an appeal from
the judgment has expired."

We believe the above rule correctly interprets the appeal
statute, and adopt the same as the rule to be followed in this
state. The matter is discussed at length in the case just cited,
and a repetition of the same would be of no benefit here.

[3] During the time within which the appeal might have
been taken, the court made several orders staying further pro-
ceedings in the case. These orders merely prevented the issu-
anc of execution, and did not extend, nor purport to extend,
the time for moving for new trial, and the court could not, in
any event, extend the time for appealing from the judgment
beyond one year from the date of the entry of such judgment.

[4] Inasmuch as this is the first occasion we have had
for applying the rule announced in this opinion, we have ex-
amined the record and considered the merits of the case. If the

decision had been based solely upon the merits, we would be obliged to affirm the judgment appealed from.

The motion to dismiss the appeal is granted.