EUGENE WEIGEL, Appellant, v. POWERS ELEVATOR COM-
PANY, a Corporation, Respondent.

(198 N. W. 121.)

**Appeal and error — trial court without power to grant new trial generally
in case remanded for retrial on special issue; duty of trial court to
obey remand mandate.**

Where a defendant in a former appeal appealed from the judgment and from
an order denying judgment non obstante or, in the alternative, for a new trial,
and where, pursuant thereto, the supreme court reversed the judgment and
directed the trial court to hear a new trial solely upon one issue, and where,
after the receipt of the remittitur the defendant then for the first time more
than a year after the judgment, moved for a new trial generally upon the
ground of newly discovered evidence, it is held, for reasons stated in the opin-
ion:

(a) That it possessed no jurisdiction to grant a new trial generally.

(b) That it was its duty upon the record to obey the mandate of the
Supreme Court.

Opinion filed March 19, 1924.

Appeal and Error, 4 C. J. § 3271 p. 1221 n. 58; § 3273 p. 1224 n. 98.

In District Court, *Berry, J.*

Plaintiff has appealed from an order of the trial court granting a
new trial, generally, upon all of the issues.

Reversed.

*S. P. Halpern* and *J. K. Murray,* for appellant.

*J. N. McCarter* and *E. T. Burke,* for respondent.

## Statement.

BRONSON, Ch. J.  This appeal involves a practice question. The
action is for the conversion of grain.  On February 11th, 1922, judg-
ment was entered in plaintiff's favor pursuant to a verdict.  In May,
1922, defendant made a motion for judgment non obstante or, in the

Note.—Power of court to grant new trial, see 2 R. C. L. 290; 1 R. C. L. Supp.
492; 4 R. C. L. Supp. 104; 5 R. C. L. Supp. 92.

alternative, for a new trial, on the grounds of error in law occurring at the trial and of the insufficiency of the evidence to justify the verdict. The trial court denied this motion. Then, in May, 1922, the defendant appealed from the judgment and from the order denying such motion with proper bond staying proceedings. The entire judgment roll including the motion made and the ruling of the trial court thereupon came to this court. In January, 1923, this court heard the appeal. In May, 1923, this court reversed the judgment with directions to the trial court to retry the issue of the market value of the grain converted and that the new trial should be limited solely to such question. Weigel v. Powers Elevator Co. 49 N. D. 867, 194 N. W. 122. On June 7th, 1923, this cause accordingly was remanded to the trial court. The defendant, on June 8th, 1923, for the first time, noticed a motion in the trial court for a new trial generally upon the ground of newly discovered evidence. On June 15th, 1923, the trial court, pursuant to the remittitur, vacated the judgment and ordered a new trial pursuant to the mandate of this court. On June 19th, 1923, the judgment was set aside and a judgment for costs entered in defendant's favor. On June 25th, 1923, the trial court heard the motion for a new trial upon the ground of newly discovered evidence. On July 23d, 1923, the trial court made its order wherein it granted a new trial upon all the issues. This order recited that the appeal taken in the case removed the jurisdiction of the trial court to entertain a motion for a new trial upon the ground of newly discovered evidence; that as soon as the remittitur was returned, or within a few days thereafter, the motion was brought on for hearing; that in the opinion of the court the defendant was within its legal right and showed due diligence in bringing said motion; that the time the case was in the Supreme Court should be deducted and that the time, within which such motion might be made, for that reason was extended by the trial court. The plaintiff has now appealed from the order of the trial court granting the new trial upon all of the issues.

## Contentions.

Plaintiff contends that the trial court did not possess any jurisdiction to hear the motion for the new trial or to act contrary to the man-

date of this court; that the trial court had no jurisdiction to hear the motion after the expiration of six months from the rendition of the verdict; that the appeal did not toll or extend this limitation of time; that the decision of this court finally disposed of defendant's right to a new trial generally and its mandate was binding upon the trial court.

Defendant maintains that the statute, § 7666, Comp. Laws 1913, gave to the trial court express authority to extend the time within which a motion for a new trial upon the ground of newly discovered evidence might be made, and to hear the motion therefor; that the decision of this court was not a bar to the exercise of this jurisdiction by the trial court.

## Decision.

The 1913 Practice Act, chap. 131, Laws 1913, sought to aid the courts in speeding up the administration of justice and in eliminating the necessity of certain objections, exceptions, and motions to secure review by appeal; the time of appeal was shortened from one year to six months; the necessity of serving a notice of an intention to move for a new trial within a certain limited time was abrogated; the necessity of taking exceptions was practically abolished; the former statute, § 7065, Rev. Codes, 1905, which permitted a motion for a new trial upon the ground of newly discovered evidence to be made at any time before the close of the term next succeeding that at which the trial was had was supplanted by a provision that such motion might be made at any time within six months from the rendition of the verdict, or decision. Laws 1913, § 6, chap. 131. It was supplemented by another provision, (readopting in exact phraseology § 5477, Rev. Codes, 1895) to the effect that the court or judge, upon good cause shown, might extend the time within which certain acts (including the motion involved) might be done, or after the time limited therefor has expired, might fix another time within which any of such acts might be done. Laws 1913, § 7, chap. 131. This Practice Act repealed all acts and parts of acts inconsistent therewith. Its evident purpose, as this court has heretofore indicated, was to hasten the termination of litigation and the final character of judgments and to shorten the time within which appeals might be had. Gohl v. Bechtold, 37 N. D. 141, 144,

146, 163 N. W. 725. Otherwise, another statute provides that whenever an appeal shall have been perfected and the proper undertaking given to stay the execution or performance of the judgment or order appealed from, all further proceedings thereon shall be stayed accordingly, except that the (trial) court may proceed upon any other matter included in the action not affected by the judgment or order appealed from, § 7838, Comp. Laws 1913.

Upon such, and other statutory enactments the jurisdiction of the trial court was dependent in order to vacate its own judgment through a motion for a new trial. McKenzie v. Bismarck Water Co. 6 N. D. 361, 374, 71 N. W. 608.

In the absence of a right of appeal, the jurisdiction of the trial court to entertain or grant a motion for a new trial, pursuant to the statutory enactment, is prescribed by the limitation that the judgment in the meantime must not become final in its character. Higgins v. Rued, 30 N. D. 551, 153 N. W. 389; Grove v. Morris, 31 N. D. 8, 151 N. W. 779; Garbush v. Firey, 33 N. D. 154, 156 N. W. 537; Skaar v. Eppeland, 35 N. D. 116, 159 N. W. 707; Gohl v. Bechtold, 37 N. D. 141, 146, 163 N. W. 725; Bovey-Shute Lumber Co. v. Donahue, 43 N. D. 247, 175 N. W. 205. If the six months period has elapsed within which time an appeal may be had, without any appeal, the judgment has become final and the action is deemed no longer pending. Comp. Laws 1913, § 7966. Then, for purposes of a motion for a new trial, the jurisdiction of the trial court has ceased and no proceedings thereafter may be instituted for a reversal of such judgment. Skaar v. Eppeland, 35 N. D. 116, 123, 159 N. W. 707. However, if a motion for a new trial has been submitted to a trial court before the judgment has become final it may be determined by the trial court after the period of time within which ordinarily it would have become final. Ibid.; McCann v. Gilmore, 42 N. D. 119, 123, 172 N. W. 236. But mere service of notice of a motion for a new trial is insufficient to retain the jurisdiction of the trial court. Gohl v. Bechtold, 37 N. D. 141, 146, 163 N. W. 725; Bovey-Shute Lumber Co. v. Donahue, supra.

Thus, in the case at bar, the right of the party to present, and the jurisdiction of the trial court to hear, a motion for a new trial has been lost unless the appeal taken from the judgment operated to retain

a jurisdiction for the trial court that otherwise it would not have possessed.

It is clear that upon an appeal from the judgment that an action is deemed to be pending from the time of its commencement until its final determination upon appeal. Comp. Laws 1913, § 7966.

The general and recognized rule in this state has been that upon an appeal from the judgment the jurisdiction of the appellate court attaches and that of the trial court ceases, over the parties and the subject matter of the appeal until the cause is remanded by the appellate court for further action. Moore v. Booker, 4 N. D. 543, 556, 62 N. W. 607; Mosher v. Mosher, 16 N. D. 269, 275, 12 L.R.A.(N.S.) 820, 125 Am. St. Rep. 654, 113 N. W. 99; Getchell v. Great Northern R. Co. 22 N. D. 325, 327, 133 N. W. 912.

Upon an appeal from the judgment the statutory authority is conferred upon this court to reverse, affirm, or modify the judgment and, if necessary or proper, to order a new trial. Comp. Laws 1913, § 7844. Upon such appeal from a judgment the entire judgment roll is required to be, as it was in this case, certified and transferred to this court including original papers filed in the trial court. This judgment roll includes, and did include in this case, a motion for a new trial and the order of the court thereon. See §§ 7688–7690, Comp. Laws 1913. After the transfer of such record through the judgment roll the jurisdiction of this court became complete.

Thereupon, this court became invested with a jurisdiction over the subject matter of the appeal which it retained until it disposed of the appeal and remanded the cause through a remittitur to the trial court. Patterson Land Co. v. Lynn, 36 N. D. 341, 162 N. W. 702. Thereupon, this court possessed the jurisdiction and the power to affirm, reverse, or modify the judgment, or to grant a new trial in the action. Comp. Laws 1913, § 7844.

In the instant case, this court might have granted a new trial generally, in which event the trial court would have possessed no authority to limit the scope of such new trial as granted. In the instant case, the defendant, who subsequently has secured from the trial court an order granting a new trial generally, sought through its remedy by appeal, to secure in this court, a reversal of the judgment or a new trial in the action. This court, pursuant to defendant's application

and to its jurisdiction and power conferred, investigated and reviewed the record, and determined that a new trial for a limited purpose only should be awarded. Pursuant to its final order, this court remanded the cause to the trial court and directed such court to hear a new trial upon the issue of value alone. Thereupon, it became the duty of the trial court to obey the mandate of this court; it then possessed no jurisdiction to make any provision relating to the merits of the cause remanded or to enter any judgment other than that directed or permitted by this court. See State ex rel. McClory v. Donovan, 10 N. D. 610, 616, 88 N. W. 717; State ex rel. Wehe v. Frazier, 48 N. D. 381, 184 N. W. 874; Colter v. Dill, 49 N. D. 902, 193 N. W. 665; 4 C. J. pp. 1221–1223; 2 R. C. L. p. 289. In this case the motion for a new trial on the ground of newly discovered evidence was made more than one year after the judgment had been entered. Whether the trial court would have jurisdiction to entertain such motion in a case where an appeal is taken from a judgment or order denying a motion for new trial and such appeal decided and the remittitur transmitted to the trial court within six months after service of notice of entry of judgment is not involved. The trial court erred in granting a new trial generally. Its order in that regard is reversed.

BIRDZELL, NUESSLE, CHRISTIANSON, and JOHNSON, JJ., concur.