McCONNELL, Respondent, v. BABCOCK et al, Appellants.

(208 N. W. 160.)

(File No. 5631.    Opinion filed April 5, 1926.)

1.   Appeal and Error—New Trial—Order Overruling Motion for New Trial May be Appealed From After Time for Appeal From Judgment, and Supreme Court May Vacate Judgment and Grant New Trial.

Order overruling motion for new trial may be appealed from after time for appeal from judgment has passed, and Supreme Court has jurisdiction to vacate judgment and grant new trial.

2.   Garnishment—Landlord and Tenant—Garnishment—Landlord Assignment of Lease, After Service of Garnishment on Tenant, Did Not Convey Landlord's Garnished Interest in Growing Crops (Rev. Code 1919, Sec. 2453).

Landlord's assignment of lease after service of garnishment on tenant, under Rev. Code 1919, Sec. 2453, did not convey landlord's garnished interest in growing crops, and sheriff and tenant holding grain as sheriff's agent had right of possession as against assignee for purpose of satisfying judgment under execution.

Appeal from Circuit Court, Jones County; Hon. John G. Bartine, Judge.

Action by Willis T. McConnell against Jay C. Babcock, Sheriff of Jones County ,and another. Judgment for plaintiff. From an order overruling a motion for new trial, defendants appeal. Reversed and remanded, with direction.

*James Kirk, Jr.,* of Avon, for Appellants.
*M. L. Parish,* of Murdo, for Respondent.

(2)   To point two of the opinion, Respondent cited: Shortridge v. Sturdivant, 155 N. W. 20; Moreau River State Bank v. Japinga (S. D.), 158 N. W. 786.

BURCH, C. [1] This is an action for the possession of personal property. Trial was to the court without a jury, and resulted in findings and judgment in favor of plaintiff. After considerable delay, a motion for new trial was made, and, after further delay, said motion was overruled. The ruling on the motion was made within one year from the rendition of the judgment, but no appeal taken until after the year had expired, so that the right to appeal from the judgment was lost. However, within 60 days after the ruling on the motion, defendant appealed from the order overruling the motion for a new trial, but did not appeal, or attempt to appeal, from the judgment. Respondent contends that, since no appeal was taken from the judgment, and the time for appeal has passed, the judgment has become final, and this court is without jurisdiction to entertain the appeal from the order overruling the motion for new trial, because to grant a new trial would necessitate the setting aside of the final judgment over which this court has no jurisdiction. The right to appeal from the order alone is settled by the decision of this court in Keyes v. Baskerville, 170 N. W. 143, 41 S. D. 214. And the effect of the motion for new trial upon the jurisdiction of the court to vacate the judgment and grant a new trial is fully answered in Irwin v. Seeman, 176 N. W. 652, 42 S. D. 574; Dean v. Seeman, 176 N. W. 649, 42 S. D. 577.

[2] The several assignments of error present but a single question; namely, the sufficiency of the evidence to support the findings of fact, conclusions of law, and the judgment. Plaintiff claims the right to possession of the property by virtue of an assignment of a lease. Defendants claim the right of possession by virtue of garnishment and subsequent proceedings. From June 15 to September 15, 1921, one Klein was the owner of 480 acres of land in Jones county which he had rented to Landon for one-third of the crop and a cash payment. On the last-mentioned date Klein, being largely indebted to plaintiff, McConnell, upon a purchase-money mortgage on such real estate, reconveyed the land to McConnell, together with an assignment of the rents, and McConnell gave to Klein an option to repurchase the land at any time within one year upon payment of the indebtedness. Whether the conveyances from Klein to McConnell were absolute or mere security for debt need not be determined, as we do not deem it

material. There was sufficient consideration for the conveyances in either event, and, unless appellants had gained a right prior and superior to the right of respondent, they must fail. Their right depends on these facts. On the 15th of June, 1921, one O'Reilly commenced an action against Klein and his wife in Bon Homme county, and made Landon, the tenant, garnishee. Landon's answer was informal, being a letter giving the number of acres in corn, oats, barley, and speltz on the land he was occupying. Appellants say they accepted this as an answer in garnishment. On the 8th of November, 1921, judgment was rendered against the Kleins in the sum of $3,183.32, and in such judgment appears this paragraph:

"It is further ordered that the plaintiff have a lien upon the property in the hands of said Byron Landon, under and by virtue of said garnishment for the purpose of satisfying his judgment against the defendants."

General execution was issued on the judgment directed to the sheriff of Jones county. The sheriff, Babcock, under the general execution, levied upon 500 bushels of corn in crib, 330 bushels of speltz and barley mixed in bin and 240 bushels of oats in bin. This is conceded to be the rent share sought to be reached by the garnishment of Landon. Landon is now holding the grain as agent of the sheriff, having voluntarily turned over the grain to the sheriff for levy under the execution. McConnell's right was acquired after the service of garnishment, and before levy. It is therefore apparent that defendants' title must depend upon the garnishment. If there was a valid seizure of the property, thereby plaintiff's title is subject to the lien of the garnishment.

Section 2453, R. C. 1919, permits a creditor to proceed by garnishment against any one indebted to, or having property in his possession belonging to, such creditor's debtor. Many of the authorities cited by respondent pertain to the liability of a garnishee for future rent to be paid, considered as a debt to become due. These cases are not applicable to share rent considered as property in the hands of a granishee. The property garnished may be either real or personal, and, under the above-quoted section of our Code, may cover "any property whatever." By the garnishment proceeding O'Reilly seized the interest of Klein in the crops then being grown on the leased land. Klein's assignment of the

lease could not convey to McConnell such crops, because Klein's interest therein had been seized by O'Reilly. Appellants having the right of possession of such grain for the purpose of satisfying the judgment under execution, the court should have rendered judgment in their favor.

The order of the circuit court denying a new trial is reversed and the cause remanded, with direction to vacate the judgment and grant a new trial.

CAMPBELL, J., concurs in the result.

MISER, Circuit Judge, sitting in lieu of SHERWOOD, J.

Note.—Reported in 208 N. W. 160. See, Headnote (1), American Key-Numbered Digest, Appeal and error, Key-No. 356, 3 C. J. Sec. 1074; (2) Garnishment, Key-No. 109, 28 C. J. Sec. 352 (Anno.).