C. & M., INC., a corporation, Abner A. Moberg, Myrtle L. Moberg, and Lance Val Moberg, Plaintiffs and Appellants,

v.

NORTHERN FOUNDERS INSURANCE COMPANY OF NORTH DAKOTA, a corporation and Northern Securities Company, a corporation, Defendants and Respondents.

No. 7902.

Supreme Court of North Dakota.

Nov. 22, 1961.

Rehearing Denied Jan. 31, 1962.

Wattam Vogel, Vogel, Bright & Peterson, Fargo, for appellants.

Alfred A. Thompson, Bismarck, for respondents.

PER CURIAM.

In this case judgment, in favor of plaintiffs, pursuant to the verdict of a jury, was entered on November 5, 1959. Prior to the entry of judgment but subsequent to the verdict the defendants served on plaintiffs a notice of motion for judgment notwithstanding the verdict or in the alternative for a new trial. The motion was set for hearing on November 17, 1959. At that time, Honorable C. L. Foster, the district judge, who presided at the trial of the case, heard the motion. Judge Foster died January 5, 1960, without having ruled on the motion. On April 19, 1960, defendants moved before Judge W. C. Lynch, the successor to Judge Foster, that the motion of November 17, 1959, be granted. This motion was made pursuant to Rule 63 of the Rules of Civil Procedure which provides:

"If by reason of death, sickness, or other disability, a judge before whom an action has been tried is unable to perform the duties to be performed by the court under these rules after a

verdict is returned or findings of fact and conclusions of law are filed, then any other judge regularly sitting in or assigned to the court in which the action was tried may perform those duties; but if such other judge is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason, he may in his discretion grant a new trial."

Judge Lynch granted the motion solely upon the ground that he could not pass upon the sufficiency of the evidence to sustain the verdict, because he did not preside at the trial and did not see and hear the witnesses. The plaintiffs have appealed from the order granting a new trial.

The motion for a new trial was defective in that it did not state whether it was to be made upon the minutes of the court, upon affidavits, or upon a statement of the case. (Rule 59, Rules of Civil Procedure.) In so far as it attempted to raise the question of the sufficiency of the evidence, it was defective because it did not contain, nor was it accompanied by, any specifications of the particulars in which the evidence was insufficient. If plaintiffs had objected to the motion upon the ground that it was defective in these respects, the new trial could not have been granted. Sullwold v. Hoger, N.D., 110 N.W.2d 457.

The record presented here is meager. It shows that plaintiffs appeared and objected to the granting of the motion but it does not show upon what grounds they objected. In the absence of such a showing we cannot assume that proper objections were made.

It does appear, however, that the judge who heard the motion reached his decision without having any of the evidence in the case before him for consideration. There was no transcript of the evidence or any statement of the case presented for his consideration. It is apparent that the judge reached his decision upon the assumption that it was impossible, in every case, for a judge who had not presided at the trial of the case to rule upon the sufficiency of the evidence adduced at the trial. He therefore did not consider that the fact, that he was not given the opportunity to review the evidence, or give it any consideration whatever, was of any importance.

The duties imposed by Rule 63 upon counsel and the successor judge are not merely pro forma duties. If counsel wishes to raise the question of the sufficiency of the evidence upon a motion for a new trial before a successor judge, he must present that evidence to the judge and the successor judge must adequately review that evidence before his discretion to grant a new trial, upon the ground that the state of the evidence is such that he cannot rule upon its sufficiency, comes into being. As was said in Miller v. Pennsylvania Railroad Co., D.C., 161 F.Supp. 633, 636.

"Manifestly, the judge to whom such a proceeding is assigned because of the death of the trial judge, finds himself in a position of considerable delicacy, as he has to perform the somewhat invidious function of reviewing the rulings of a judge of coordinate jurisdiction. Moreover, under some circumstances he may be handicapped by the fact that he did not hear the evidence and did not see the witnesses and is not in touch with the atmosphere surrounding the trial. He must needs rely solely upon the transcript of the proceedings. Nevertheless, the task cannot be avoided and the duty must be fulfilled if practicable."

See also: Deep Sea Tankers, Limited v. The Long Branch, 242 F.2d 433; Lashbrook v. Kennedy Motor Lines, D.C., 119 F.Supp. 716.

The procedure followed in the instant case was clearly erroneous and the order granting a new trial is therefore reversed.

SATHRE, C. J., and BURKE, MORRIS, STRUTZ and TEIGEN, JJ., concur.