C. & M., INC., a corporation, Abner A. Moberg, Myrtle L. Moberg, and Lance Val Moberg, Plaintiffs and Respondents,

v.

The NORTHERN FOUNDERS INSURANCE COMPANY OF NORTH DAKOTA, a corporation, and Northern Securities Company, a corporation, Defendants,

Northern Securities Company, a corporation, Defendant and Appellant.

No. 8055.

Supreme Court of North Dakota.
Nov. 7, 1963.

Wattam, Vogel, Vogel, Bright & Peterson, Fargo, for plaintiffs and respondents.

Thompson, Lundberg & Rosenberg, Bismarck, for defendant and appellant.

MORRIS, Chief Justice.

This matter comes before us on a motion by the plaintiffs and respondents to dismiss the appeal to this Court.

The notice of appeal, which was served on respondents' attorneys on August 9, 1962, by the Northern Securities Company and filed in the office of the clerk of the district court on September 4, 1962, recites that the Northern Securities Company

"* * * hereby appeals to the Supreme Court of the State of North Dakota, from that certain order dated the 29th day of April, 1960, denying defendant's motion for judgment notwithstanding the verdict and from that certain judgment entered and docketed in the above entitled action on the 5th day of November, 1959, which judgment was a money judgment in the total sum of $7,401.55 and the said defendant appeals from the whole of said order and from said judgment."

The record shows that the order of April 29, 1960, referred to in the notice of appeal, was served by mail by the attorneys for the Northern Securities Company on the attorneys for the plaintiffs and respondents on April 29, 1960, the date on which the order was issued. It had been made pursuant to and after a hearing on a motion by the

Northern Securities Company in the alternative for a judgment notwithstanding the verdict or for a new trial. The court denied the motion for judgment notwithstanding the verdict and granted the motion for a new trial. The order recites:

"IT IS ORDERED that the motion of the Defendant, Northern Securities Company, a corporation, for Judgment Notwithstanding the Verdict be and is hereby denied,

"AND IT IS FURTHER ORDERED that the alternative motion of the Defendant, Northern Securities Company, a corporation, for a new trial herein be and the same is hereby granted."

A timely appeal to this Court was taken from that part of the order granting the new trial by the plaintiffs C. & M., Inc., Abner A. Moberg, Myrtle L. Moberg, and Lance Val Moberg. On that appeal the order granting a new trial was reversed. C. & M., Inc., v. Northern Founders Insurance Company of North Dakota, N.D., 112 N.W.2d 827. About March 7, 1962, judgment was entered in the district court pursuant to our remittitur, which judgment provided:

"* * * it is ORDERED, ADJUDGED AND DECREED that the Order entered in the above action on the 29th day of April, 1960, granting the defendant, Northern Securities Company, motion for new trial be, and the same is hereby reversed and the judgment in favor of the plaintiffs and against the defendant, Northern Securities Company, heretofore entered in the action is hereby affirmed."

Reference to the notice of appeal in this case discloses that this appeal was not attempted to be taken until over five months after the entry of judgment on the remittitur pursuant to our opinion reversing the order granting the new trial.

An appeal from a judgment may be taken within six months after entry by default, and in case the party against whom it is entered appeared in the action six months from written notice of entry of judgment, an appeal may be taken from an order within sixty days after written notice of the same has been given to the party appealing. Section 28–27–04, NDCC.

It has long been the rule of this Court that the statute is mandatory and jurisdictional, and where an appeal has not been taken within the statutory period this Court is without power to do more than dismiss the appeal and the time cannot be extended by the Court unless the power to do so is expressly given by statute. Stierlen v. Stierlen, 8 N.D. 297, 78 N.W. 990; Nevland v. Njust, 78 N.D. 747, 51 N.W.2d 845.

The notice of entry of judgment was served November 5, 1959, the date on which the judgment was entered. The time for appeal from the judgment expired six months later.

Ordinarily the time within which an appeal may be taken from an appealable order does not commence to run until written notice of the order shall have been given to the party appealing. In this case the order of April 29, 1960, described in the notice of appeal, was served by this appellant upon the attorneys for the respondents on this appeal. The order was made upon a hearing had pursuant to a motion of this appellant for a judgment notwithstanding the verdict or for a new trial. The order covered both aspects of the motion. It denied judgment notwithstanding the verdict and granted a new trial. This Court has held that where a moving party whose motion is denied procures a written order to be signed denying the motion, he has notice of the order, his time for appeal therefrom starts to run when the order is signed, and the order becomes final sixty days thereafter. Citizens National Bank of Northwood v. Larson, 59 N.D. 427, 230 N.W. 292. In this case the right of appeal from the order denying this ap-

pellant's motion for judgment notwithstanding the verdict expired sixty days after April 29, 1960, which was the date that the order was procured and served by the attorneys for the present appellant, Northern Securities Company. Upon the expiration of that sixty-day period, no appeal having been taken, the order denying appellant's motion for judgment notwithstanding the verdict became final as to all issues presented by the motion and such issues cannot be raised in the Supreme Court on a subsequent appeal from the judgment. See Jager v. Grommesh, N.D., 77 N.W.2d 873.

The Northern Securities Company argues that the running of the six-month period for appealing from the judgment was somehow stayed until the entry of judgment on remittitur by the granting of the motion for a new trial, the appeal from the order granting the new trial, and the reversal of that order by the Supreme Court. In support of this contention the appellant cites Gohl v. Bechtold, 37 N.D. 141, 163 N.W. 725, and Weigel v. Powers Elevator Company, 50 N.D. 776, 198 N.W. 121. A careful examination of these cases convinces us that they furnish no support for appellant's contention. This contention is contrary to our long established rule that the times within which appeals may be taken, fixed by Section 28–27–04, NDCC, are mandatory and jurisdictional.

■■ The appellant has failed to distinguish between the expiration of the statutory time for appeal from a judgment and the suspension of the final character of the judgment where the time for appeal expired after the time noticed for hearing a motion for new trial. In Bovey-Shute Lumber Co. v. Donahue, 43 N.D. 247, 175 N.W. 205, the court reviewed the rule applicable to the latter situation. After citing Gohl v. Bechtold, supra, and other cases, this Court said:

"The rule announced in those cases is to the effect that, when the time for appeal for judgment has expired, the trial court has no authority thereafter to entertain a motion for a new trial under the objection of the adverse party, unless the final character of the judgment has been suspended by proceedings commenced prior to the time for appeal has expired. In applying this rule this court held in Skaar v. Eppeland, supra, 35 N.D. 116, 159 N.W. 707, that where a motion for a new trial is duly noticed to be heard at a date prior to the expiration of the time for appeal from a judgment, but continued by consent of the parties, and finally submitted and determined after the time for appeal from judgment has expired, the final character of the judgment is suspended by such proceedings, and the court has jurisdiction to determine a motion for a new trial, even though the time for appeal from judgment has expired. But in Gohl v. Bechtold, supra, this court held that the final character of the judgment is not suspended, so as to authorize the court to entertain the motion, by the mere fact that notice of motion was served prior to the time in which an appeal from the judgment has expired."

This Court has also said that:

"The remedy afforded by an appeal from a judgment and the remedy by appeal from an order refusing a new trial are independent remedies. A party aggrieved may invoke one or the other, or both, at his election provided he does so in the time and in the manner provided by statute. The periods of time in which these independent rights may be exercised are fixed by the statute, and are in no respect dependent one upon the other." Nevland v. Njust, 78 N.D. 747, 51 N.W.2d 845, Syllabus 2.

The record clearly shows that the appeals attempted to be taken from the judgment and from the order denying defendant's motion for judgment notwithstanding the verdict were not taken within the times prescribed by the statute. This Court is

without jurisdiction to determine the issues attempted to be presented by the appellant. The appeals are therefore dismissed.

STRUTZ, ERICKSTAD, BURKE and TEIGEN, JJ., concur.