BOVEY-SHUTE LUMBER COMPANY, a Corporation, Appellant,
v. GERTRUDE M. DONAHUE and J. E. Donahue, Respondents.

(175 N. W. 205.)

**Appeal and error — trial — action is terminated when time for appeal has expired.**

1. Following Gohl v. Bechtold, 37 N. D. 141, and prior decisions, it is *held:* Under § 7966, Comp. Laws 1913, an action is terminated when the time for an appeal from the judgment has expired, and the trial court has no authority thereafter to entertain a motion for a new trial, over the objection of the adverse party, unless the final character of the judgment had been suspended by proceedings commenced prior to the time for appeal has expired.

**Appeal and error — judgment not suspended by *ex parte* application for extension.**

2. The final character of the judgment is not suspended by an *ex parte* application for an extension of the time in which to move for a new trial, and an *ex parte* order entered thereon.

Opinion filed July 18, 1919. Rehearing denied September 8, 1919.

Appeal from the District Court of Eddy County, *Buttz, J.*

Plaintiff appeals from an order denying a new trial.

Order summarily affirmed.

*Rinker & Duell* and *Cuthbert & Smythe,* for appellant.

Whatever an agent does in the lawful exercise of his authority is imputable to the principal, and where the acts of the agent will bind the principal, his representations, declarations, and admissions respecting the subject-matter will also bind him, if made at the same time, and constituting part of the transaction are often classed in the decisions as *res gestæ.* Jones, Ev. § 356, pp. 444, 445; Tennessee Teleph. Co. v. Simms, 35 S. W. 173; B. & M. R. R. Co. v. Ordway (Mass.) 5 N. E. 627; Robinson v. Fitchburg & W. R. R. Co. 7 Gray, 92; Pratt v. Ogdensburg & L. C. R. R. Co. 102 Mass. 565; Grinnell v. W. U. Tel. Co. 113 Mass. 299; Hulbeur v. Erie R. Co. 55 Atl. 273; King v. Atlantic City Gas & Water Co. (N. J.) 58 Atl. 345; Goddard v. Crefield Mills, 75 Fed. 821.

"Relevant declarations of an agent, provided they are within the scope of his authority, and in the course of the negotiations to which it refers, but not otherwise, are admissible in evidence against the principal." 16 Cyc. 1005; Plymouth County Bank v. Gilman (S. D.) 52 N. W. 871; Balding v. Andrews, 96 N. W. 305; Short v. N. P. Elevator Co. 45 N. W. 706.

"An expert may be said to be a skilled witness who testifies upon the basis of assumed facts in a hypothetical question." 3 Chamberlayne, Ev. § 2374; 12 Hun, 276.

"The opinion of a witness possessing peculiar qualifications is admissible, whenever the subject-matter of inquiry is such that inexperienced persons are unlikely to prove capable of forming a correct judgment upon it, without such assistance." Greenl. Ev. 12th ed. § 440, note 3; 1 Smith, Lead. Cas. 286; 36 Iowa, 473.

"Inaccessible, warranted sound, and merchantable. One who sells or agrees to sell merchandise inaccessible to the examination of the buyer thereby warrants that it is sound and merchantable." Rev. Codes 1905, § 5425; Comp. Laws 1913, § 5981; Civ. Code 1877, § 1011; Rev. Code 1899, § 3978.

This implied warranty is limited to manufacturing. See cases discussed in note to McQuaid v. Ross, 22 L.R.A. 189; Leavitt v. Fiber-

loid Co. 15 L.R.A.(N.S.) 855; Oil Well Supply Co. v. Watson, 15 L.R.A.(N.S.) 868; Farrell v. Manhattan Market Co. 15 L.R.A.(N.S.) 884; Miller v. Raymond, 31 L.R.A.(N.S.) 783. And also note to Nettrograph Co. v. Brown (Okla.) 34 L.R.A.(N.S.) 737, 114 Pac. 1102; Elevator Safety Device Co. v. Brown-K. Iron Works, 153 Ill. App. 313; Stanford v. National Drill & Mfg. Co. (Okla.) 114 Pac. 734; Obenshain v. Roff (Okla.) 116 Pac. 782; John Roebling Sons Co. v. Am. Amusement & Constr. Co. 231 Pa. 261, 80 Atl. 647.

*N. J. Bothne,* for respondents.

Admissions of an agent made while he is acting within the scope of his agency and relating to the subject with reference to which he is empowered to act for this principal are competent and admissible in evidence even as to past transactions. Bartlett v. Ins. Co. (Iowa) 41 N. W. 601; Prew v. Ry. Co. (S. D.) 156 N. W. 582; Ayres v. Hubbard (Mich.) 40 N. W. 10; Cumbey v. Lovett (Minn.) 79 N. W. 99; Needham v. Halverson, 22 N. D. 594; Paulson v. Seever, 8 N. D. 215.

"Admissions not based on personal knowledge are admissible in evidence, and it is for the jury to determine their weight." Chapman v. R. Co. 26 Wis. 303; Shadduck v. Town, 22 Wis. 118; Kitchen v. Robins, 29 Ga. 713; Sparr v. Wellman, 11 Mo. 230; Reed v. McCord, 46 N. Y. Supp. 407.

"One who sells or agrees to sell merchandise inaccessible to the examination of the buyer thereby warrants that it is sound and merchantable." Comp. Laws, § 5981; Hoover & Allison v. Witz Bros. 15 N. D. 477; Blackwood v. Co. 18 Pac. 249; 35 Cyc. 397, and citations.

"An implied warranty of fitness will arise if goods are purchased for a particular purpose of which the buyer informs the seller, and the rule applies especially if the seller is a dealer in the article." 35 Cyc. 399, 400, and citations; Shaw v. Smith, 11 L.R.A. 681. See also notes in 31 L.R.A.(N.S.) 783, and 34 L.R.A.(N.S.) 737; Loxtercamp v. Implement Co. 125 N. W. 830.

"Special damages naturally and proximately resulting from the breach of warranty may be recovered." Larson v. Calder, 16 N. D. 248; Needham v. Halverson, 22 N. D. 248; Joy v. Blitzer, 41 N. W. 575; Mitchell v. Pinckney, 104 N. W. 286; Plow Works v. Niles & S. Co. 63 N. W. 1013; Shaw v. Smith, 11 L.R.A. 681; Swain v. Schieffelin, 18 L.R.A. 385; Tyler v. Moody & Offut, 54 L.R.A. 417; Rock-

port v. Granite Co. 51 L.R.A. 781; Leavitt v. Fiberloid Co. 15 L.R.A. (N.S.) 864.

It is well settled that a new trial will not be granted on the ground of newly discovered evidence which could have been discovered before the trial by the exercise of reasonable diligence. McKirahan v. Mining Co. 165 N. W. 542; 29 Cyc. 886 and citations.

Newly discovered evidence which is not material, but merely impeaching, and which would not change the result, is not sufficient ground for granting a new trial. Braithwaite v. Aiken, 2 N. D. 57; Libby v. Barry, 15 N. D. 286; State v. Albertson, 20 N. D. 512.

The court was without jurisdiction to hear and determine such motion for new trial after six months had passed since entry of judgment. Grove v. Morris, 31 N. D. 8; Higgins v. Rued, 30 N. D. 551; Garbush v. Firey, 33 N. D. 154; Gohl v. Bechtold, 37 N. D. 141.

When the time for appeal has expired the action is no longer pending, but is terminated, *and the trial court has then no power, authority, or jurisdiction to hear or consider a motion for a new trial.* Grove v. Morris, 31 N. D. 8; Higgins v. Rued, 30 N. D. 551; Garbush v. Firey, 33 N. D. 154; Gohl v. Bechtold, 37 N. D. 141; Comp. Laws 1913, § 7966; Bright v. Juhl (S. D.) 93 N. W. 648; Deering v. Johnson (Minn.) 22 N. W. 174.

PER CURIAM. In this case defendants recovered judgment. Notice of entry thereof was served upon plaintiff's attorney on March 7, 1918. No appeal was taken from the judgment. The plaintiff prepared and served a proposed statement of case, and noticed the same for settlement on August 10, 1918. It also noticed a motion for judgment notwithstanding the verdict or for a new trial for hearing at the same time. Defendants' counsel asserted that such motion could not be noticed or heard until after the statement had been settled. Plaintiff thereupon withdrew such motion. The proposed settlement of the statement of the case came on for hearing pursuant to the notice, and the same was settled on August 12, 1918. On the same day, after the statement had been settled, plaintiff's counsel was informed that the trial judge would be absent from the district for some time and unable to hear the motion for a new trial until some time in September. Thereafter on August 12, 1918, plaintiff's attorney presented to the trial court an affidavit

setting forth these facts, and asked that the time in which to move for a new trial be extended until October 1, 1918. The trial court entered an *ex parte* order extending the time accordingly. The plaintiff's attorney thereafter, on September 11, 1918, served notice of a motion for new trial, such motion to be heard September 20, 1918. When the motion came on for hearing defendants' counsel made special appearance and objected to the said consideration thereof on the ground that the action had been terminated, that it was no longer pending, and that the trial court had no power to entertain the motion. The trial court made no ruling on the objections. In his memorandum decision the trial judge intimated that he believed the objections to be well taken, but did not base his decision on that ground. The decision was based upon the ground that plaintiff had received a fair trial, and that, wholly aside from the objections, the motion for a new trial should be denied. In this court respondents have urged the same objections which they made in the court below, *viz.,* that the trial court was without authority to entertain the motion for a new trial. Questions similar, or analogous, to the one now under consideration have been considered by this court in the following cases: Grove v. Morris, 31 N. D. 8, 151 N. W. 779; Higgins v. Rued, 30 N. D. 551, 153 N. W. 389; Garbush v. Firey, 33 N. D. 154, 156 N. W. 537; Skaar v. Eppeland, 35 N. D. 116, 159 N. W. 707; Gohl v. Bechtold, 37 N. D. 141, 163 N. W. 725. The rule announced in these cases is to the effect that when the time for appeal for judgment has expired the trial court has no authority thereafter to entertain a motion for a new trial under the objection of the adverse party, unless the final character of the judgment has been suspended by proceedings commenced prior to the time for appeal has expired. In applying this rule this court held in Skaar v. Eppeland, 35 N. D. 116, 159 N. W. 707, that where a motion for a new trial is duly noticed to be heard at a date prior to the expiration of the time for appeal for a judgment, but continued by consent of the parties and finally submitted and determined after the time for appeal for judgment has expired, the final character of the judgment is suspended by such proceedings, and the court has jurisdiction to determine a motion for a new trial even though the time for appeal for judgment has expired. But in Gohl v. Bechtold, supra, this court held that the final character of the judgment is not suspended so as to authorize the court

to entertain the motion by the mere fact that notice of motion was served prior to the time in which an appeal from the judgment has expired.

We have again reviewed these decisions and the statutory provisions involved, and are satisfied that the rulings are correct, and that the interpretations placed upon the statutes give effect to the intention of the lawmakers. The question in this case, therefore, is whether the final character of the judgment might be, and was, suspended by the *ex parte* order entered by the court on August 12, 1918, extending the time in which to move for a new trial until October 1, 1918. If it was suspended, then the court has authority to entertain the motion; if it was not, it had no such power. We are of the opinion that the trial court had no power to extend the time in which to move for a new trial beyond the date when the action ceased to be pending under the express terms of § 7966, Comp. Laws 1913. A wholly different situation is presented where a motion is made while the action remains pending, but not decided until later. As we said in Gohl v. Bechtold, supra: "In our opinion, a party aggrieved must move for a new trial before the time in which an appeal may be taken from the judgment has expired. After that time no proceedings can be instituted for a reversal of the judgment over the objections of the adverse party. If a motion is made within that time, and continued by the consent of the parties or by action of the court until a later date, then the final character of the judgment is suspended. The motion is not made until it is submitted to or brought within the breast of the trial court and some affirmative action taken thereon either by the court or the adverse party. The unsuccessful party cannot, by his own act, and by the mere service of a notice of hearing of a proposed motion for a new trial at such future time as he may see fit to designate, suspend and keep in abeyance the final and conclusive character of the judgment." 37 N. D. 146, 147. This language is applicable to and is decisive of this case. Manifestly this court can review no errors assigned by the appellant. The order must be affirmed.

GRACE, J. I dissent.