SEA-GATE TIRE & RUBBER CO., a Corporation, Appellant, v. O. K. BUTTS, et al. Co-partners Doing Business under the Firm Name and Style of the B. & B. Tire Jobbers, Respondents.

(225 N. W. 787.)

Opinion filed June 5, 1929.

*A. F. Greffenius* and *Ritchie & Ployhar,* for appellant.
*P. W. Lanier,* for respondents.

PER CURIAM. This case was tried in the district court of Stutsman county and resulted in a verdict in favor of the defendants and against the plaintiff. The verdict was returned July 25, 1928. Judgment was entered pursuant to the verdict on July 27th, 1928 and notice of entry served on or about August 4, 1928. The plaintiff served notice of motion for judgment notwithstanding the verdict or for a new trial on or about October 25th, 1928, such motion being noticed for hearing on November 14, 1928, at the chambers of the Hon. J. A. Coffey, one of the judges of said district court, in the courthouse in the city of Jamestown. At the time and place fixed for the hearing of such mo-

tion defendants' counsel appeared, but the judge was absent and counsel for the plaintiff made no appearance. Subsequently the attorney for the defendants was advised by counsel for the plaintiff that the motion would be brought on for hearing at 10 o'clock, A. M., on November 26th, 1928, at the chambers of the district court in Jamestown. The attorneys for the defendants appeared at the time and place indicated; the judge was present, but no appearance was made in behalf of the plaintiff. The motion finally was brought on for hearing on February 19, 1929, at which time the defendants appeared specially and objected to the jurisdiction of the court, the ground of objection being that the time in which to appeal from the judgment had expired; that consequently the action was no longer pending and the district court was without jurisdiction to entertain a motion for a new trial or for judgment notwithstanding the verdict. In opposition to such objection plaintiff's counsel filed an affidavit reciting that after the motion for a new trial or for judgment notwithstanding the verdict had been noticed to be heard on November 14, 1928, he wrote to Judge Coffey (the judge before whom the action had been tried) to see if the motion could be heard at the time and place noticed and that Judge Coffey replied by notation on the letter that the motion "might be heard on the 26th of November;" that he subsequently wrote to Judge Coffey to ascertain if the matter could be definitely set for that date but that he received no word from the judge and for that reason he did not appear on November 26th; that later he was informed that Judge Coffey was going to Bismarck to preside at the trial of a murder case and that it would be impossible for him to hear the motion; that thereafter it was impossible to get the matter on for hearing because there were two conflicting claimants for the office of judge of the district and that until said matter was determined by the Supreme Court counsel was unable to obtain a hearing thereon, and has been unable to bring the same on for hearing until the present time. The trial judge denied the motion for a new trial or for judgment notwithstanding the verdict. He filed with the order denying the motion a memorandum decision wherein he found that the objections to the jurisdiction were well taken. He further found that the motion should be denied on the merits.

We find it necessary to consider only the question of jurisdiction. We are agreed that the defendants' objections to the jurisdiction of the

district court to hear the motion were properly sustained. Questions relating to the power of the district court to hear and determine motions for a new trial after the time for appeal from the judgment has expired has been considered by this court in many cases. See Grove v. Morris, 31 N. D. 8, 151 N. W. 779; Higgins v. Rued, 30 N. D. 551, 153 N. W. 389; Garbush v. Fiery, 33 N. D. 154, 156 N. W. 537; Skaar v. Eppeland, 35 N. D. 116, 159 N. W. 707; Gohl v. Bechtold, 37 N. D. 141, 163 N. W. 725; Bovey-Shute Lumber Co. v. Donahue, 43 N. D. 247, 175 N. W. 205; Coughlin v. Ætna L. Ins. Co. 49 N. D. 948, 956, 194 N. W. 661.

In the first three cases cited, this court held, that when notice of motion for a new trial is served more than six months after the date of service of notice of entry of judgment, i. e., after the time for appeal from the judgment has expired, the district court is without authority to entertain such motion over the objection of the adverse party.

In Skaar v. Eppeland, 35 N. D. 116, 159 N. W. 707, this court held that where a motion for a new trial is duly noticed to be heard at a date prior to the expiration of the time for appeal from the judgment, but continued by consent of the parties and finally submitted for determination after the time for appeal from the judgment has expired, the final character of the judgment is suspended by the pending proceedings, and the court has jurisdiction to determine the motion for a new trial even though the time for appeal from the judgment has expired.

In Gohl v. Bechtold, 37 N. D. 141, 163 N. W. 725, it was held that the mere service within the six-month period of notice of a motion for a new trial, notice to be heard after the expiration of such period, i. e., after the time for appeal from the judgment has expired, does not suspend the final character of the judgment so as to empower the court to entertain such motion.

In Bovey-Shute Lumber Co. v. Donahue, 43 N. D. 247, 175 N. W. 205, it was held that the final character of the judgment is not suspended by an ex parte order extending the time in which to move for a new trial.

The soundness of the principles announced, and the conclusions reached, in these several cases is not questioned; but it is contended

by the appellant that in this case the final character of the judgment was suspended. In other words, it is in effect contended that the case falls within the rule announced in Skaar v. Eppeland, supra. We fail to find any basis for this contention. The statute authorizing a motion for a new trial fixes not only the grounds of such motion; but fixes also the time when the action ceases to be pending for any purpose and the judgment becomes final. The facts in this case are strikingly like those in Gohl v. Bechtold, supra, and in our opinion the case is controlled by the rule there announced. The record here does not show that there was any agreement for a continuance of the motion. There was merely a notice of motion and the motion was never brought on for hearing. It was never presented to the court and neither the defendants nor their counsel, either directly or impliedly, consented to a continuance of the hearing of the motion. There was nothing to suspend the final character of the judgment and at the expiration of the time for appeal from the judgment the action ceased to be pending for any purpose.

The order appealed from is affirmed.

BURKE, Ch. J., and CHRISTIANSON, BIRDZELL, NUESSLE, and BURR, JJ., concur.