FOELSKE, Appellant, vs. TEGTMEYER, Respondent.

*September 14—October 12, 1937.*

*Henry E. Foelske* of Milwaukee, for the appellant.

*John P. Retzer* of Milwaukee, for the respondent.

MARTIN, J. This action was begun November 5, 1932. On November 21, 1932, the court entered an order appointing a receiver. This was done on stipulation of the parties. Defendant did not contest the action, and on January 6, 1933, the findings of fact, conclusions of law, and judgment were entered. Notice of entry of the judgment was personally served upon defendant January 26, 1933. Judgment was for the sum of $7,545.03. It directed the sheriff of Milwaukee county to sell the premises in question at any time after one year from date, unless the time of sale be extended in accordance with chs. 24 and 29, Laws of Sp. Sess. 1931–32, and unless, previous to the sale, the judgment be paid. Ch. 24, Laws of Sp. Sess. 1931–32, provides that in actions commenced prior to January 1, 1934, in which judgment of foreclosure and sale has not been entered at the time this act takes effect, the one-year period specified in sec. 278.10 and in sec. 297.11, Stats., shall be extended an additional year, *but in no event beyond January 1, 1935,* provided the person entitled to redeem shall before the ex-

piration of such one-year period present to the court satis-
factory evidence that he has paid all insurance premiums as
provided in the mortgage and all taxes on the mortgaged
property accruing within such one-year period after such
judgment, and shall also pay, on or before the expiration
of such one-year period, one year's interest on the principal
sum of the mortgage. This act became effective February 2,
1932. Ch. 29, Laws of Sp. Sess. 1931–32, provides that in
actions commenced prior to January 1, 1934, in which judg-
ment of foreclosure and sale has not been entered at the
time the act takes effect, the one-year period specified in
sec. 278.10, Stats., shall be extended *to two years,* but in no
event beyond January 1, 1936, provided the person entitled
to redeem shall pay all insurance premiums and all taxes on
the mortgaged property accruing after such judgment before
they become delinquent, and shall also pay, on or before the
expiration of one year from the date of such judgment, one
year's interest thereon.

On December 21, 1933, defendant's attorney served no-
tice of appearance, demanding that a copy of all pleadings
subsequent to the notice of entry of judgment be served upon
him. On May 11, 1935, plaintiff's attorney gave notice of
motion to set the time and place of sale. The notice specified
June 7, 1935, as the date for hearing. On June 5, 1935,
on defendant's application, an order to show cause was en-
tered directing that plaintiff show cause on June 7, 1935,
why defendant should not be granted an additional redemp-
tion period of one year from date. On June 7th, the plain-
tiff's motion to set the time and place of sale, and the defend-
ant's motion on the order to show cause for additional
redemption period for one year, were heard before Judge
AARONS. The court ordered that the premises be sold as
above indicated on October 30, 1935. The sale was accord-
ingly had, and the sheriff's report of sale shows that on
October 30, 1935, he sold the premises to the plaintiff for the

sum of $7,300, the plaintiff being the highest bidder. The report showed a deficiency in the sum of $1,561.39. On October 31, 1935, plaintiff gave notice of application for confirmation of the sale, to be heard on November 8th, and that on the same day he would apply for a deficiency judgment and for confirmation of the receiver's report. The defendant and her attorney appeared before the court on November 8th, and requested that the hearing on the motion be continued for three weeks. The adjournment was granted. On November 12, 1935, defendant's attorney gave notice of motion based on the petition of the defendant; that she would on November 21st move for an order referring the action to the mediation board for mediation under ch. 319, Laws of 1935. On November 23, 1935, the court entered an order referring the action to the mediation board for mediation and determination in accordance with ch. 319, Laws of 1935. The court, on the same day, also granted defendant's motion adjourning the hearing on defendant's motion for extension of the redemption period to January 22, 1936, and staying all other proceedings until such time, except, in the event that the mediation board filed its report with the court before January 22, 1936, either party might bring such motion on for hearing on ten days' notice. It appears that the matter came on for hearing before the mediation board on December 16, 1935. The statement of the mediation board, signed by all three members, shows the amount due upon the mortgage under foreclosure to be $8,353.89. They reported the then value of the premises under foreclosure to be $8,800. They recommended that confirmation of the sale be stayed for one year. The plaintiff refused to accept the recommendations of the mediation board, and on December 19, 1935, gave notice of motion; that on December 30, 1935, he would move for a disposition of the pending motion for confirmation of the sheriff's sale and for a deficiency judgment.

The next step appears to be an order entered on April 30, 1936, *nunc pro tunc,* as of December 30, 1935. This order extended the period of redemption until December 1, 1936. On November 20, 1936, plaintiff again gave notice of motion; that he would apply to the court on December 1, 1936, for an order confirming the sheriff's report of sale, etc. Next is a petition by the defendant dated November 30, 1936, on which an order to show cause was issued requiring plaintiff to show cause on December 10, 1936, why the redemption period should not be extended to April 1, 1938. Hearing on the plaintiff's motion for confirmation of sale, etc., and on defendant's motion for an extension of the period of redemption, was adjourned until December 22, 1936, at which time the court heard the respective motions. It appears that on December 23d, the court on its own motion adjourned the hearing on the plaintiff's motion for confirmation, to December 1, 1937, and extended the period of redemption until the same date. On December 28, 1936, the court modified its order of December 23d, as to plaintiff's motion and entered an order denying plaintiff's motion for confirmation of the sale, etc., and extended the period of redemption to and including December 1, 1937. The appeal herein is from this latter order.

It will be noted that the order in question was entered three years eleven months and twenty-two days from the date of the judgment. The redemption period provided for in chs. 24 and 29, Laws of Sp. Sess. 1931–32, are the same as to the redemption period and differ only as to conditions imposed upon the person entitled to redeem. That is, ch. 24, Laws of Sp. Sess. 1931–32, provides "the one-year period specified in sec. 278.10 and in sec. 297.11 of the statutes *shall be* extended an additional year" provided the person entitled to redeem the mortgaged premises shall before the expiration of such one-year period present to the court satisfactory evidence that he has paid all insurance premiums as

provided in the mortgage *and all taxes on the mortgaged property accruing within such one-year period after such judgment,* and shall also pay on or before the expiration of such one-year period, one year's interest on the principal sum of the mortgage. Ch. 29, Laws of Sp. Sess. 1931–32, provides "the one-year period specified in sec. 278.10 of the statutes *shall be* extended to two years . . . provided the person entitled to redeem the mortgaged premises shall pay all insurance premiums as provided in the mortgage *and all taxes on the mortgaged property accruing after such judgment, before they become delinquent,* and shall also pay on or before the expiration of one year from the date of such judgment, one year's interest thereon." So, the redemption period in the instant case, as provided for in said chapters, expired on January 6, 1935.

Ch. 11, Laws of 1933, effective February 15, 1933, created several new sections of the statutes. Sec. 278.103, relating to deferred sale in case of an existing judgment and relating to the application for an order directing the time and place of sale and hearing thereon, provides :

". . . And upon the hearing of such application the court shall make full inquiry in regard to and upon all the facts and circumstances of the case, and may direct by order that no foreclosure sale shall be made until the expiration of a reasonable period not exceeding two years beyond the one-year period in section 278.10. . . ."

The order entered April 30, 1936, *nunc pro tunc,* as of December 30, 1935, extending the period of redemption to December 1, 1936, gave defendant a redemption period of three years and approximately eleven months. However, no appeal was taken from that order. But, the order, in any event, terminated the period of redemption as of December 1, 1936. The order appealed from extending the period of redemption to December 1, 1937, was entered on December 28, 1936. Sec. 281.209, Stats. 1935, cannot be invoked

to sustain the order because said section only relates to cases where the period of redemption has not yet expired.

The respondent relies entirely on sub. (2) of sec. 278.105 and sec. 281.206, Stats. 1935. Sub. (2) of sec. 278.105 provides:

"In case the mortgaged premises sell for less than the amount due and to become due on the mortgage debt and costs of sale, there shall be no presumption that such premises sold for their fair value and no sale shall be confirmed, and judgment for deficiency rendered, until the court is satisfied that the fair value of the premises sold has been credited on the mortgage debt, interest and costs."

Sec. 281.206 provides:

". . . Before granting an order confirming said sale, the court shall, if it appears upon due examination that the sale price is unreasonably and unfairly inadequate, or that justice has otherwise not been done, *order a resale or make such further order as may be just and equitable.* Upon the hearing of the motion for an order confirming the sale of the premises involved in the foreclosure of such mortgages by action, in case the evidence is insufficient to establish a fair and reasonable market or rental value of such property, the court shall receive any competent evidence, including evidence tending to establish the actual value of the property involved in said mortgage foreclosure proceedings, for the purpose, or purposes, for which said property is or can be used. The court shall also receive any evidence tending to show to what extent, if any, the property has decreased in actual or market value by reason of the economic conditions existing at the time of or prior to such sale. . . ."

In the order denying plaintiff's motion for confirmation of sale, the court finds:

"That the bid of $7,300 made at the sheriff's sale is inadequate and is not a fair price or bid for said premises. That the fair value of said premises is and was at the time of the sale $9,200."

We also have the appraisal made by the mediation board as of December 1, 1935. They fixed the value as of said date at $8,800. The plaintiff's bid was for the face amount of his several mortgages. The receiver's statement, showing the total amount due on the judgment as of December 21, 1936, the amounts credited on the judgment, and the net balance due as of said date, is as follows:

Amount of judgment......................$7,545.03
Interest on same for 3 yrs. 11½ mos............ 1,791.94
                                         —————————
                                          $9,336.97
Total credits.....................$715.19
                                             715.19
                                         —————————
Balance due plaintiff.......................$8,621.78

Thus, the value of the property in question, as fixed by the mediation board, is only $178.22 in excess of the amount due plaintiff at that time.

At the time the order appealed from was entered, respondent had had within a few days of four years' time within which she might have redeemed her property. There is a complete lack of any showing on her part, of the remotest possibility that she would ever be able to make redemption. If the trial court had followed the procedure as indicated by this court in *Suring State Bank v. Giese,* 210 Wis. 489, 246 N. W. 556, the rights and equities of both parties would have been protected. It has been repeatedly held by this court that mere inadequacy of consideration will not justify the court in refusing to confirm the sale. *Griswold v. Barden,* 146 Wis. 35, 130 N. W. 952. In the situation here presented, defendant having had four years' time within which to redeem, it was a clear abuse of discretion to grant her an additional period of one year and deny plaintiff's motion for confirmation. If the plaintiff's bid was so inade-

quate as to shock the conscience of the court, it could have followed the decision of this court in the *Suring State Bank Case, supra,* and the subsequent decisions approving the same.

*By the Court.*—Order appealed from reversed, and cause remanded with directions to enter an order confirming the sheriff's report of sale and sale.