[File No. 6515.]

FIRST NATIONAL BANK OF BISMARCK, a Corporation of Bismarck, N. D., Plaintiff, v. REO L. KNAUSS, Personally, and Reo L. Knauss, as Administrator of the Estate of Anna Knauss, Deceased, Defendant.

(277 N. W. 516.)

Opinion filed January 24, 1938.   Rehearing denied February 12, 1938.

O'Hare, Cox & Cox, for plaintiff.

*C. L. Crum,* for defendant:

Morris, J. This matter comes to us upon a writ of certiorari issued pursuant to the provisions of § 8, chapter 161, Sess. Laws, 1937. The petitioner is holder of a sheriff's certificate of sale issued November 9, 1935, in a mortgage foreclosure action, and covering certain residence property in the city of Bismarck. Review is sought of an order of the District Court directing "that the period of redemption from the foreclosure of said mortgage on said described premises be, and the same is hereby, extended until the First day of July, 1939 upon the following conditions, to-wit:" Then follow conditions requiring the payment of $60.00 per month and the completion of certain remodeling undertaken by the respondent.

The statutory period of redemption would have expired November 9, 1936, had the time not been extended by order of the court. The first extension order was made on November 5, 1936, extending the time of redemption to July 1, 1937, pursuant to the provisions of chapter 242, N. D. Sess. Laws, 1935. On the 30th day of June 1937, the court upon application of the respondent, extended the period of redemption until the 25th of September 1937, and further provided "the extended period of redemption shall hereby absolutely terminate on the 25th day of September, 1937." This order was made under authority of chapter 161, N. D. Sess. Laws, 1937. On September 23, 1937, the respondent served upon petitioner's attorney an application "to revise and alter the terms of that certain order made by the court in this cause on June 30, 1937, and extending the period of redemption from the foreclosure of that certain mortgage and sale of the

following described property on November 9, 1935, until the first day of July, 1939," and a notice fixing October 12 as the date of hearing the application. The record is wholly silent as to any proceedings on October 12. In the meantime the petitioner had obtained and served on respondent's counsel an order to show cause why sheriff's deed should not issue, returnable on October 6. Upon the return date of this order the respondent appeared and filed an affidavit of prejudice against Hon. R. G. McFarland, the presiding judge. Hon. A. J. Gronna was then designated by the Supreme Court as the presiding judge, and the order to show cause came on for hearing before him on October 15. At that time respondent's attorney suggested that the hearing on the application for extending the period of redemption which was on file in the office of the clerk but had not been brought to the attention of the court, be combined with the hearing on the order to show cause why sheriff's deed should not issue. Petitioner objected to the jurisdiction of the court to grant relief under the application for a further extension of the period of redemption. The court proceeded to hear the matter and made the order extending the period of redemption to July 1, 1939, of which the petitioner now complains.

The statutory procedure incident to the extension of periods of redemption is found in §§ 6, 7, and 8 of chapter 161, N. D. Sess. Laws 1937. This act is complete in itself and does not purport to either amend or re-enact any former laws, although the sections to which we refer are the same as those found in chapter 242, N. D. Sess. Laws, 1935, except that under the 1935 act the period of redemption could not be extended beyond July 1, 1937.

The petitioner contends that relief under the 1937 act is not available to the respondent because the period of redemption had once been extended under the 1935 Moratorium Act. It is argued in support of this contention that the 1937 act authorizing an extension where "the period of redemption has not yet expired" refers exclusively to the year of redemption provided under the general statutes and not to an extended period of redemption, and that in this case the period of redemption having once been extended prior to the effective date of the 1937 act, it could not be applied to authorize a further extension. We do not agree with this contention. Even though the time to redeem

had been extended under the 1935 act, it still was a period of redemption until the time to which it had been extended expired. If the legislature had intended to apply the 1937 act exclusively to those cases wherein the year of redemption provided by the general statutes had not yet expired, it could have readily so provided. Having failed to do so and having used the term "period of redemption" without restriction, we hold that the relief provided by the 1937 act was available where a period of redemption which had been extended under the 1935 act had not yet expired.

It is also argued that relief under the 1937 act is not available to the respondent because he was granted relief under the 1935 act which provided that the period of redemption should in no event be extended beyond July 1, 1937, that the 1937 act neither amended nor repealed the former law, and that its limitation of time is still in effect and governs in this case. Again we are unable to agree with petitioner's contention. It is true that no reference is made in the 1937 act to its predecessor, but in so far as it provides for extension of periods of redemption, it covers the same subject to the same extent as the former act with the exception of the time limit, which is now fixed at July 1, 1939. Under the 1935 act the court could not extend the redemption period beyond July 1, 1937. The 1937 act was an emergency measure which became effective February 15, 1937. It broadened the equitable powers of the courts, and vested them with power to grant the relief therein provided for because of the existence of a public economic emergency. The courts were given power to extend periods of redemption that had not expired. It is consistent with the purpose of the act and was, no doubt, the intention of the legislature to permit further extensions of periods of redemption which had been limited under the former act to July 1, 1937. The time limit in the 1935 act in no way affected the right to grant extensions under the act of 1937, even though the right of redemption had been preserved and extended under the former act.

Having determined that relief may be granted under the 1937 act even though the redemption period had been extended under the 1935 act, we now come to the question of whether under the terms of the 1937 act the court had authority and jurisdiction to issue the order

which is sought to be reviewed. The sections governing this case are as follows:

"§ 6. Where any mortgage or other lien upon real estate has been foreclosed and the period of redemption has not yet expired, or where sale is hereafter had in the case of real estate mortgage or other lien foreclosure proceedings, now pending, or which may hereafter be instituted, prior to the expiration of two years from and after the passage and approval of this Act, or upon the sale of any real property under any judgment or execution where the period of redemption has not yet expired, or where such sale is made hereafter within two years from and after the passage and approval of this Act, the period of redemption may be extended for such additional time as the Court may deem just and equitable, but in no event beyond July 1, 1939; or where stay of execution has been granted against the cancellation of a contract or the ejectment of a tenant from premises, for such additional time as the Court may deem just and equitable, but in no event beyond July 1, 1939. Provided, that the mortgagor or the owner in possession of said property in the case of mortgage foreclosure proceedings, or the lienor or person in possession of said property in the case of foreclosure of such a lien, or the judgment debtor in the case of sale under judgment or execution, or the tenant in case of judgment of eviction, or the vendee in case of a contract of sale of real property, shall, prior to the expiration of the period of redemption, or in case of judgment or eviction or cancellation of land contract within the period of time described in Section 4 hereof, apply to the Court having jurisdiction of the matter, on not less than ten days written notice to the mortgagee, the lienee, judgment creditor or plaintiff, or the attorney of either as the case may be, for an order determining the reasonable value of the income of said property, or if the property has no income then the reasonable rental value of the property involved in such sale, cancellation or eviction, and directing and requiring such mortgagor, lienor, vendee, tenant or other judgment debtor to pay all or a reasonable part of such income or rental value in or toward the payment of taxes, insurance, interest, mortgage, or judgment indebtedness, at such time and in such manner as shall be fixed and determined and ordered by the Court; provided, however, that in fixing the rental value of farm

lands, the rental value of any buildings thereon shall not be included or considered; and the Court shall thereupon hear said application and after such hearing shall make and file its order directing the payment by such mortgagor, lienor, vendee, tenant or judgment debtor of such an amount, at such times and in such manner as to the Court shall, under all circumstances, appear just and equitable, and provided that upon the service of notice or demand aforesaid, that the running of the period of redemption shall be tolled until the Court shall make its order upon such application. Provided, further, however, that if such mortgagor, lienor, vendee, tenant, or judgment debtor or personal representative shall default in the payments, or any of them, in such order required on his part to be done, or commits waste, his right of redemption from said sale shall terminate thirty days after such default, and holders of subsequent liens may redeem in the order and manner now provided by law beginning thirty days after the filing of notice of such default with the Clerk of Court, and his right to possession shall cease, and the party acquiring title to such real estate shall then be entitled to immediate possession of said premises. If default is claimed by allowance of waste, such thirty day period shall not begin to run until the filing of an order of the Court finding such waste. Provided, further, that the time of redemption from any real estate mortgage or other lien foreclosure, or judgment, or execution sale heretofore made, which otherwise cannot expire less than thirty days after the passage and approval of this Act, shall be, and the same hereby is extended to a date thirty days after the passage and approval of this Act, and in such case the mortgagor, lienor, vendee, tenant or judgment debtor, or the assignee or personal representatives of either, as the case may be, or the owner in possession of the real property may, prior to said date, apply to said Court for, and the Court may thereupon grant, the relief as hereinbefore and in this Section provided. Provided, further, that prior to July 1, 1939, no action shall be maintained in this state for a deficiency judgment until the period of redemption, as allowed by existing laws or as extended under the provisions of this Act, has expired; provided, however, that the provisions of the Act shall not be construed as a repeal of Chapter 155 of the Session Laws of 1933 or any other similar enactment.

"§ 7. Upon application of either party, prior to the expiration of

the extended period of redemption as provided for in this Act, and upon the presentation of evidence that the terms fixed by the Court are no longer just and reasonable, the Court may revise and alter said terms in such manner as the changed circumstances and conditions may require.

"§ 8. The trial of any action, hearing or proceedings mentioned in this Act shall be held within twenty days after the filing by either party of notice of hearing or trial, as the case may be, and such hearing or trial may be held at any general or special term, or in chambers, or during vacation of the Court, and the order of the Court shall be filed within five days after trial or hearing. No more than five days' stay shall be granted, and review by the Supreme Court may be had by certiorari, if application for the writ shall be made within 15 days after notice of such order, and such writ shall be returnable within 20 days after the filing of such order."

It will be seen that § 6 provides the authority and procedure for extending the period of redemption from the foreclosure of any mortgage or other lien upon real estate where the period of redemption has not expired. The period of redemption may be extended upon application to the court made prior to the expiration of the period of redemption, and upon not less than ten days written notice to the mortgagee, lienee, judgment creditor, or plaintiff, or attorney of either. The application must be made and the notice served before the expiration of the period of redemption. Lillegard v. Hutchinson, 67 N. D. 44, 269 N. W. 43. After the service of the notice the running of the period of redemption is tolled until the court makes its order provided that the court has acquired jurisdiction. See Peterson v. Points, 67 N. D. 631, 275 N. W. 867. After an order has been made pursuant to § 6, either party prior to the expiration of the period for which redemption has been extended by such order, may apply for the modification of its terms and "the court may revise and alter said terms in such manner as the changed circumstances and conditions may require." Thus it readily appears that § 6 provides for an order extending a period of redemption, and § 7 provides for the change or modification of such order, which, of course, may include a further extension of time but not beyond July 1, 1939. But one order extend-

ing a period of redemption can be made under § 6. Subsequent orders must be changes or modifications of the first order and be made under the authority of § 7. Section 7 provides no definite time for giving notice, but some notice must be given of the hearing of an application under § 7 in order to comply with the provisions of § 8. It is important to note that while § 6 contains a provision which tolls the running of the period of redemption pending the issuance of the court order where an application has been made under that section, no such provision is made pending a hearing upon an application for modification under § 7. This fact leads to the logical conclusion that when an application is made under § 7 to revise or alter an order previously made extending a period of redemption, such application must be brought on for hearing prior to the expiration of the extended time provided for in the order sought to be changed. Foelske v. Tegtmeyer, 225 Wis. 574, 275 N. W. 522. The statute does not toll the running of the period of redemption pending a hearing under § 7 where the jurisdiction of the court has not attached so that the matter is in the breast of the court. The situation is not unlike that involving the time within which a motion for new trial must be presented. See Clausen v. Miller, 63 N. D. 778, 249 N. W. 791; Skaar v. Eppeland, 35 N. D. 116, 159 N. W. 707; Bovey-Shute Lumber Co. v. Donahue, 43 N. D. 247, 175 N. W. 205; Gohl v. Bechtold, 37 N. D. 141, 163 N. W. 725. Where the running of the period of redemption is not tolled either by statute or by an appropriate order of court, and title to the property vests in the holder of the sheriff's certificate of sale, the court cannot thereafter divest this title and again extend the redemption period. Butts v. Tellett, 194 Minn. 243, 260 N. W. 308; Mosse v. Mutual Ben. L. Ins. Co. 193 Minn. 496, 259 N. W. 19; Steensland v. Western & S. L. Ins. Co. 196 Minn. 106, 264 N. W. 440.

Applying the law we have above set forth to the facts in this case, we find that the respondent did not bring his application to revise and alter the order extending the period of redemption before the court until after the extended period of redemption had expired, and title had passed to the petitioner. The court was thereafter powerless to grant him a further extension of time to redeem. At the time the court undertook to hear the matter the period of redemption had already

terminated. The right of redemption no longer existed. There was nothing to extend.

Reversed.

BURR, NUESSLE and SATHRE, JJ., and HOLT, Dist. J., concur.

CHRISTIANSON, Ch. J., being disqualified, did not participate, Hon. DANIEL B. HOLT, Judge of First Judicial District, sitting in his stead.