KNOLL, Appellant, vs. HESS and others, Defendants: BANK OF BURLINGTON, Respondent.

*April 13—May 17, 1938.*

*William A. Sheldon* of Elkhorn, for the appellant.

For the respondent there were briefs by *Waller & Ruzicka* of Burlington, attorneys, and *Simmons, Walker, Wratten & Sporer* of Racine of counsel, and oral argument by *Harold J. Sporer.*

FOWLER, J.  This is an appeal from the judgment in an action in the county court of Walworth county, civil side, joining two alleged causes of action.  The first is to vacate a final order entered in that court, probate side, on March 31, 1891, in proceedings to probate the will of Peter Hess.  The plaintiff was then a minor and was not represented by a guardian *ad litem*.  The final order recited that by his will the testator devised and bequeathed all his property to his wife, Regina Hess, and to his children by his said wife, John, Otto, and Ernest Hess, each an undivided one-fourth part, and purported to assign such estate accordingly.  The complaint also prays that the court adjudge that the plaintiff is also a child of the testator by his said wife, and that said will devised and bequeathed a one-fifth interest in his property to her as another child by his said wife, and declare such interest in the real estate of the testator, consisting of a farm, vested in the plaintiff.  The second cause of action is for partition of the farm.

The provision of the will involved is as follows:

"I give, devise and bequeath to my present wife, Regina Hess, and to my three children by my present wife all of my property of every name and kind."

The court found orally at conclusion of the testimony of the plaintiff, but did not include it in his written findings, that the plaintiff is not the child of Peter Hess, basing his conclusion on the fact that her mother, who signed and verified the petition for probate, stated in that petition that Peter Hess left surviving him three children by her, naming the three boys as such children and not naming the plaintiff. The court also found that plaintiff's mother was dead, and that her one-fourth interest in the farm passed on her death to her four children, to each a one-fourth interest. Plaintiff's three brothers in 1924 executed a mortgage to the Burlington Bank which was foreclosed and the property was purchased on foreclosure sale by the bank. The mother died in 1928. The foreclosure judgment cut off the interest in the farm that the brothers took under their father's will, but did not affect the interest the brothers inherited from their mother. Two of the brothers conveyed their such interests to the plaintiff. The judgment in partition decreed three sixteenths of the farm to plaintiff, one sixteenth to the estate of the deceased brother of plaintiff, John Hess, and twelve sixteenths to the bank.

The court entered a partition judgment directing sale of the property. It was bid in by the Bank of Burlington for $4,400. Motion was made to set aside the sale on account of absence of the attorney for plaintiff in Dakota to attend the funeral of a member of his family and an alleged mistake, in letting the property go too cheap, of the real-estate agent with whom the attorney had left directions for bidding. The motion was at first granted. The order was subsequently vacated and the plaintiff's objections renewed on motion of the bank to confirm the sale. The sale was confirmed July 21, 1937. The plaintiff appeals from the judgment and from the order.

Upon the argument members of the court questioned counsel whether the county court in an action on its civil side had jurisdiction to vacate the order made on settlement of the final account of the executor, or whether the order must not be attacked by motion in the probate court to set it aside on the ground of fraud. We are satisfied, however, that considering the case as one for partition only the court may consider what rights, if any, the plaintiff took under the testator's will as well as her rights as heir at law of her mother, because title under a will passes by the will and not by the order assigning the testator's property on settlement of the executor's final account. That title so passes has been declared in many cases of this court, the most recent declaration to that effect being in *Latsch v. Bethke,* 222 Wis. 485, 488, 269 N. W. 243. In at least four cases examined, and perhaps others antedating them, the circuit court has construed wills and held that the will passed title according to the court's construction of it, notwithstanding final orders settling the estate, made long previous, purported to assign real estate contrary to the court's construction. These cases are *Hovely v. Herrick,* 152 Wis. 11, 139 N. W. 384, and *Ruth v. Oberbrunner,* 40 Wis. 238, cases in ejectment; *Estate of Ross,* 181 Wis. 125, 194 N. W. 151, a direct action in circuit court for construction and distribution; and *Williams v. Williams,* 135 Wis. 60, 115 N. W. 342, wherein the complaint prayed for various forms of relief, among others for construction of the will and partition. We conclude that the court had jurisdiction in the instant case to determine, as it did, that the plaintiff was not a child of the testator by his wife Regina. Evidence tending to support that view, aside from the inference to be derived from the facts that the testator named only three such children in his will, and that the mother named only three such children in her petition for

probate of the will, is the fact that Mr. Tyrrell, handwriting expert, testified that the entry shown in the family Bible of Peter Hess, produced in evidence, ostensibly giving the birth of the plaintiff as May 12, 1871, had been changed from 1870. The testator was married to his wife Regina on July 27, 1870. Thus, if the plaintiff was born on May 11, 1870, she was two months sixteen days old at the time of the marriage. The testator was divorced from his wife on June 14, 1870, and the plaintiff, if born May 11, 1870, was a month and three days old at the time of his divorce. There was also testimony by Charles Hess, son of Peter by his first wife, that he visited his father about three months after his marriage to Regina Hess, when he was about seven years old, and the plaintiff was then ten or eleven months old. A Mr. Zaspel testified that when Regina Hess "came to the Hess farm she had this girl [plaintiff] with her; her mother had her in her arms when I first saw her [plaintiff] and she was then a child of nine or ten months." He did not know where Regina came from. She was a "new-comer" in the community. "Everyone talked about it among the people in the community." This witness was eighteen or nineteen years old, and was husking corn on the farm at the time. The finding that the plaintiff was not a child of Peter Hess is thus amply supported.

We are of opinion that the confirmation of sale was within the discretion of the court. Counsel for plaintiff who was necessarily absent from the sale left instructions for a bid for the plaintiff of $4,375. Such bid was made. The bank bid $4,400. The property had sold on foreclosure sale in the fall of 1936 for $5,000 on the understanding that complete title passed. One real-estate agent put the value at $4,400; another at $5,800 to $6,000. It was assessed at $7,040. The sale was on June 21, 1937. Action toward setting it aside was begun on June 30th. It was confirmed on July 21st.

No better offer was made by the plaintiff or secured by her from anybody else in the meantime. The matter of confirming judicial sales has been before us twice recently in *Foelske v. Tegtmeyer,* 225 Wis. 574, 275 N. W. 522, and *A. J. Straus Paying Agency v. Jensen,* 226 Wis. 462, 277 N. W. 105. These decisions and former decisions of this court therein cited render further discussion of the matter needless.

*By the Court.*—The judgment and order appealed from are affirmed.