[File No. 6694.]

## FIRST NATIONAL BANK & TRUST COMPANY OF FARGO, a Corporation, Petitioner, v. FRED J. KROGH and Hon. M. J. Englert, Judge of the District Court, Respondents.

(294 N. W. 660.)

Opinion filed November 7, 1940.

*Conmy & Conmy,* for petitioner.

*Burnett, Bergeson & Haakenstad,* for respondent.

MORRIS, J. This matter reaches us pursuant to a writ of certiorari issued under the provisions of § 7, chapter 165, N. D. Session Laws 1939. The petitioner is the holder of a sheriff's certificate of sale covering lot 10, block 7, of the original town site of the city of Fargo. The statutory period of redemption would have expired on May 2, 1939, had the mortgagor not applied for an extension thereof in accordance with the provisions of chapter 165, supra. The period of redemption was first extended by order of the district court to November 2, 1939. Later a second extension was granted to July 1, 1940. On June 14, 1940, the mortgagor presented to the district court a third petition in which he asked that the period of redemption be extended to July 1, 1941. Whereupon the court forthwith issued an order to show cause why the prayer of the petitioner should not be granted which order also provided that, "in the meanwhile the said The First National Bank and Trust Company of Fargo and the sheriff of Cass county, North Dakota, are hereby restrained from taking any further steps toward issuing a sheriff's deed to the said premises until the further order of this court."

The order to show cause was served June 15, and was returnable on July 2, 1940. Thus it appears that the order was served before,

but was returnable after, the expiration of the period of redemption provided in the second extension. The order to show cause was not heard on the return day. The matter was continued by mutual agreement of the parties until July 26, 1940, when the hearing was held. On July 31, 1940, the court issued an order granting a third extension of the period of redemption to July 1, 1941. The certiorari to this court brings before us for review the third order extending the period of redemption and attendant proceedings. The petitioner in this court contends that the title to the premises vested in it not later than 12:01 A. M., July 2, 1940, that at that time the period of redemption expired and the court was thereafter without jurisdiction or power to further extend such period.

Statutes containing provisions identical to the ones in question have been before this court on several occasions. In Peterson v. Points, 67 N. D. 631, 275 N. W. 867, a question of jurisdiction under chapter 161, N. D. Session Laws 1937, was before us. An order to show cause why the period of redemption should not be extended was served and made returnable within the statutory period. The trial court upon its own motion, continued the matter to a date beyond the statutory period, and it was argued that the court thereby lost jurisdiction. We declined to uphold this contention and said: "This jurisdiction was not lost by the continuance. A trial court may exercise reasonable discretion in arranging his calendar in the interest of the orderly disposition of the business of his court, and unless his conduct pertaining thereto is contrary to some jurisdictional, constitutional or statutory provision, he does not lose jurisdiction by continuance on his own motion."

The petitioner contends that the same rule should apply in the matter now involved. That case, however, differs from the one at bar. It involved the extension of an original statutory period of redemption. The court obtained jurisdiction of the matter in the manner prescribed by statute. Notice was given to the adverse party, and the hearing set within the time prescribed by the statute. In the case now before us the order to show cause was made returnable on a date after the expiration of the extended period of redemption.

In First Nat. Bank v. Knauss, 68 N. D. 227, 277 N. W. 516, we had before us the identical provision now in question, then found

in § 7, chapter 161, N. D. Session Laws 1937. In that case a motion to extend an extended period of redemption was served prior to the expiration thereof, but was noticed for hearing subsequent to the expiration. We differentiated between the procedure prescribed by § 6 of the 1937 statute under which the Points Case was decided from the procedure under § 7. In the Knauss Case we said: "It is important to note that while § 6 contains a provision which tolls the running of the period of redemption pending the issuance of the court order where an application has been made under that section, no such provision is made pending a hearing upon an application for modification under § 7. This fact leads to the logical conclusion that when an application is made under § 7 to revise or alter an order previously made extending a period of redemption, such application must be brought on for hearing prior to the expiration of the extended time provided for in the order sought to be changed. Foelske v. Tegtmeyer, 225 Wis. 574, 275 N. W. 522. The statute does not toll the running of the period of redemption pending a hearing under § 7 where the jurisdiction of the court has not attached so that the matter is in the breast of the court. The situation is not unlike that involving the time within which a motion for new trial must be presented. See Clausen v. Miller, 63 N. D. 778, 249 N. W. 791; Skaar v. Eppeland, 35 N. D. 116, 159 N. W. 707; Bovey-Shute Lumber Co. v. Donahue, 43 N. D. 247, 175 N. W. 205; Gohl v. Bechtold, 37 N. D. 141, 163 N. W. 725. Where the running of the period of redemption is not tolled either by statute or by an appropriate order of court, and title to the property vests in the holder of the sheriff's certificate of sale, the court cannot thereafter divest this title and again extend the redemption period."

Section 6 of the 1939 Act is identical with § 7 of the statute enacted in 1937 and reads as follows: "Upon application of either party, prior to the expiration of the extended period of redemption as provided for in this act, and upon the presentation of evidence that the terms fixed by the court are no longer just and reasonable, the court may revise and alter said terms in such manner as the changed circumstances and conditions may require."

Power is thereby given to the court to revise and alter the terms of a prior order extending the period of redemption. In First Nat. Bank v. Knauss, 68 N. D. 227, 277 N. W. 516, supra, a motion was

made and served prior to the expiration to an extended period of redemption wherein a further extension of the extended period was sought. We held that the running of the period of redemption was not tolled pending the hearing on the motion and that the period of redemption, having expired, it could not be revived or extended. In the case before us, the situation is the same except that instead of a notice of motion signed by the attorney for the applicant, we have an order to show cause signed by the court. The basic question in this case is, did the pendency of the order to show cause toll the running of the period of redemption until the return day on the order to show cause, thereby extending the period beyond the time provided for in the previous order of extension?

Section 7947 of Compiled Laws of North Dakota 1913 provides that, "when notice of motion is necessary it must be served eight days before the time appointed for the hearing, but the court or judge may by order to show cause prescribe a shorter time."

In Difani v. Riverside County Oil Co. 201 Cal. 210, 256 P. 210, the supreme court of California said: "An order to show cause is a notice of motion and a citation to the party to appear at a stated time and place to show cause why a motion should not be granted."

In Gray v. Gaither, 71 N. C. 55, it is said of an order to show cause that the fact that it is directed by the judge does not alter its character. It remains merely a notice. In Thompson v. Erie R. Co. 9 Abb. Pr. N. S. (N. Y.) 230, 238, it is said that, "there is an indistinct idea that by an order to show cause the court has, as it were, passed upon the merits, unless the opposing party can reverse its opinion. But this is incorrect. It is not to be understood that when a court grants an order they express in any degree an opinion on the merits. It would be unjust for the court to do so, because the order is ex parte, and the opposing party ought not to be, and is not, prejudiced. In granting an order to show cause, the court looks not at the merits, but at the question whether there is a necessity for a shorter notice than that of eight days."

In 15 Encyclopædia of Pleading and Practice, p. 364, we find the statement that, "such orders have no greater effect than an ordinary notice of motion served without the sanction of the court or

judge, except in respect to shortening the time of service." See also 10 Standard Encyclopædia Procedure, p. 813; 42 C. J. 489.

It is argued that the order to show cause also contained a provision staying the issuance of sheriff's deed and thereby prevented the period of redemption from expiring.

This contention is unsound, as the court cannot extend a period of redemption under chapter 165, Session Laws 1939, without giving the holder of the certificate of sale an opportunity to be heard. The order was granted ex parte. If given the construction contended for by the petitioner below, it extended the period of redemption beyond the expiration date of the last order. The period of redemption could not be extended ex parte. The power under which the court may grant an extension in this case is purely statutory. The statute does not confer upon the court the authority to extend the period of redemption without a hearing. Any attempt to do so is of no effect. Western Land & Cattle Co. v. National Bank, 29 Ariz. 51, 239 P. 299; Wiltsie, Mortgage Foreclosure, § 1212; Jones, Mortgages, 8th ed. § 1350. The period of redemption was not extended by restraining the issuance of the sheriff's deed.

We reach the conclusion that the period of redemption expired before the time when the order to show cause was returnable, and that the title having passed the trial court was without power to revest the title in the mortgagor and further extend the period of redemption.

Reversed.

NUESSLE, Ch. J., and BURR, CHRISTIANSON, and BURKE, JJ., concur.